**HUTCHINGS' WIDOW AND HEIRS vs. JOHNSON'S**

**HEIRS.**

APPEAL FROM THE COURT OF THE FIFTH DISTRICT FOR THE PARISH OF ST. MARY, THE JUDGE OF THE SEVENTH PRESIDING.

WESTERN DIS.
*September*,1841.

HUTCHINGS'
WIDOW
AND HEIRS
vs.
JOHNSON'S
HEIRS.

The value of the hire and use of slaves, mortgaged and put in possession of the mortgagee, to indemnify him against an endorsement, will be allowed in compensation of the amount actually paid by him as endorser.

This is an action to recover the value of the services of five slaves, alleged to have been in the possession of the defendants under mortgage for the space of seven years. Their services are alleged to be worth fifteen dollars per month each, independent of their clothing and other expenses. He prays judgment for the amount of said hire ; or if the defendants succeed in establishing their demand, that the amount of the hire of these slaves go in compensation thereof.

The defendants, heirs of the late J. L. Johnson, pleaded the general issue ; they further set up by way of compensation of the plaintiffs' demand, the amount of an endorsement which their ancestor had paid in bank for Hutchings, and to secure which the slaves in question were mortgaged and placed in their possession.

The amount paid by Johnson to the bank in 1837, as endorser of Hutchings, was established at $3720. The value of the hire and use of the slaves was the subject of controversy, and the testimony a little discordant in regard to the true amount.

The district judge, after hearing all the evidence decided there was a balance due to the defendants of $765, with nine per cent interest ; for which judgment was rendered : and they being dissatisfied with the amount took this appeal.

*Voorhies*, for the plaintiffs.

*Splane*, for the defendants.

*Bullard, J.* delivered the opinion of the court.

The history of this case may be seen by reference to the cases of Hutchings vs. Field et al., and Hutchings vs. J. L. Johnson, 10 La. Rep., 245, 257. This court having decided in the case first mentioned, that a certain contract between Johnson and others and Hutchings was not one of sale of the slaves in controversy, but rather of mortgage or antichresis, he recovered them and the latter case between him and Johnson was remanded for a new trial in consequence of that change in the condition of the parties. The pleadings were amended; the defendants claiming in an amended answer the amount paid by their ancestor in bank, as one of the endorsers of Hutchings, as an offset to the value of the services of the slaves during a period of more than seven years that they were in possession of Johnson under the contract. The result of the last trial was a judgment against Hutchings in favor of the heirs of Johnson for a balance of about seven hundred dollars, with interest at nine per cent. from 1837. The heirs of Johnson appealed.

It appears that the amount of the different notes of which Johnson was endorser, and which he finally took up in the Bank of Louisiana at Opelousas, was three thousand seven hundred and twenty dollars. That amount is alleged by Johnson's heirs to be the total sum paid for Hutchings, in a petition for a provisional seizure of the slaves in 1837, which was afterwards discontinued. The evidence as to the value of the services of the slaves is variant though not absolutely discordant, and one of the witnesses who had hired them for one year for $175 free of all charges, states that including the year 1838 up to April, 1839, they were worth five hundred dollars per annum, clear of all expenses, including the whole of the negroes. Assuming that to be a just appraisement, and we see nothing in the record to contradict it, the judgment pronounced by the court below is not so clearly erroneous as to require our interference.

It is therefore adjudged and decreed, that the judgment of the District Court be affirmed with costs.