## THOMAS O. MARR *v.* THEOPHILUS R. HYDE and another.

Where a party is bound to furnish an account, his adversary may use that part of it which is against him, without being compelled to admit the items in it which are in his favor.

Where there is no stipulation for the payment of interest, it is due from the time of putting the debtor in default, for the payment of the principal. C. C. 1932.

An agent is responsible for interest on any sum of money employed for his own use, from the time of so employing it. C. C. 2984.

APPEAL from the Commercial Court of New Orleans. *Watts*, J. *Peyton*, and *I. W. Smith*, for the plaintiff.

*Lockett*, and *Micou*, for the appellants.

MORPHY, J. This suit is brought to recover $493 57, with legal interest from the 17th of June, 1839, on which day, it is alleged, that the defendants received this sum as agents for the plaintiff, who had theretofore deposited with them for collection a note of $430, of one J. C. Drew, which, together with the interest thereon to that time, amounted to the sum paid. It is further alleged, that the defendants have appropriated this money to their own use, and have ever since refused to pay it, although amicably requested to do so. Annexed to the petition is an account current signed by the defendants, which states that they owed this amount, but sets forth various charges which reduce the sum due to the plaintiff to $268 44. These charges the petitioner avers, are unfounded and illegal. He had a judgment below, from which the defendants have appealed.

No proof was offered on the trial in support of the charges objected to in the account of the defendants; but in this court

they have contended that, if the account annexed to the petition is relied on by the plaintiff, the whole account must be taken together, that it cannot be divided, and that the balance which it exhibits should alone be considered as due. It is now well settled, that where a party is bound to furnish an account, his adversary may use that part of it which is against him, without being compelled to admit the items in it that are in his favor. 1 La. 282. 5 Mart. N. S. 319. Were it otherwise, the principal, who, in many cases, has no means of knowing how his affairs have been conducted, except through the account which his agent is bound to give him, would be completely at the mercy of the latter. In this case the petitioner does not rely exclusively on the account rendered to him by the defendants. He has proved by the maker of the note of $430, the payment of its amount into the hands of the defendants, about the time stated in the account. There is error, however, we think, in that part of the judgment appealed from, which allows interest from the 17th of June, 1839. It is not shown that the defendants appropriated this money to their own use, or that any call or demand was made on them to pay it before the institution of the present suit. This was on the 3d of May, 1843 ; and from that time only they have been in delay, and are bound to pay interest. Civil Code, arts. 1932, 2984. 19 La. 437.

It is, therefore, ordered, that the judgment of the Commercial Court be so amended as to bear interest only from judicial demand, and that it be affirmed in all other respects; the plaintiff and appellee to pay the costs of this appeal.