SANDERS<br>v.<br>CARSON.

deprives her of the right to proceed as she has done, and prays that the proceedings may be changed from the *viâ executivâ* to the *viâ ordinariâ*, and that she may have judgment for the several sums claimed, except the price of the land and improvements. The court below perpetuated the injunction, and the defendant has appealed.

The judgment of adjudication having been rendered by a court of competent jurisdiction, and no fraud or spoliation being shown, its validity cannot be enquired into collaterally; and, for the purposes of this enquiry, we must take it for granted that the property adjudicated formed part of the acquêts and gains made during the marriage, one half of which belonged to the plaintiff. It may be true that the administratrix has the right to collect from the plaintiff a sufficient amount to pay the debts of the community; but she has not shown the existence of those debts. All the claims presented to the former administrator were satisfied by him, and there were left in his hands money and credits which the present administratrix must have received.

In the sale of the land to *H. Anderson,* to which the administratrix was a party, it was stipulated that she should receive from the purchaser, in part payment of the price, the amount necessary to discharge the debts of the succession, leaving in the hands of the said purchaser the balance of said price, until the final settlement and partition between the heirs according to law. As the administratrix claimed and received one half of the price only under this agreement, we must presume that no more was necessary to pay the debts. If this presumption should be unfounded in truth, the defendant cannot seize the property of the plaintiff till she has exhausted the fund placed at her disposal for the purpose of paying debts, and shown in a proper manner the application of the fund, and the debts remaining unpaid.         *Judgment affirmed.*

---

## LEDOUX et al. *v.* GOZA.

Where one sued on an account, the principal item in which is stated to be a "balance of former account, as rendered," excepts to the petition as not sufficiently informing him of the nature of the demand, plaintiffs should not be allowed to proceed without furnishing the items of debit and credit, of which the account producing the balance was composed.

APPEAL from the District Court of Carroll. *Selby,* J. The judgment in this case was rendered on the verdict of a jury, in favor of plaintiffs, for part of their claim. They appealed.

*R. N.,* and *A. N. Ogden,* for the appellants. *Dupuy,* for the defendant, cited in support of the exception, Code of Pract. art. 172, §3. *Sparrow,* on the same side. The judgment of the court was pronounced by

SLIDELL, J. This suit is brought by the plaintiffs, who were defendant's factors, to recover from him the sum of $1,117 86, a balance of accounts, as exhibited by an account annexed to the petition. The account annexed to the petition shows a balance of $1,117 86, but commences with one item of $1,020 79, stated as follows: "June 30, 1841, To balance of the former account, as rendered, $1,020 79." In the petition is an allegation, "that petitioners presented an account current, with the amount due by the said *Goza,* on or about the 20th July, 1841, which account came duly to the possession of the said *Goza,* and, on the 20th July, 1841, the said *Goza* promised to pay the same."

&c. In the account annexed to the petition, the next item to that of $1,020 79, is an item charged as follows: "July 14, 1841. Our invoice of this date, $38, 69." By a comparison of these dates and items it is impossible to say, whether the account stated in the petition as rendered is the same as that stated as rendered in the account annexed to the petition. It will also be observed, that the new items form a very trifling portion of the balance claimed.

The defendant excepted to the petition as not sufficiently informing him of the nature of the demand, and we are of opinion that the exception should have been sustained. It is true that our rules of pleading are liberal, but we ought not to extend this liberality so far as to force a defendant to answer, until he is informed, with reasonable certainty, of the items and nature of the plaintiff's claim. The averments of the petition are not sufficiently full and explicit to charge the defendant for the item of $1,020 79, as upon a balance of a former account rendered, approved and finally adjusted between the parties. The defendant was entitled to information of the items of debit and credit of which the account producing the balance was composed, and, having demanded it by his exception, the plaintiffs should not have been permitted to proceed further in the cause until it was furnished. We may also remark that there is some obscurity in the testimony in this cause, which illustrates the propriety of enforcing a reasonable accuracy and fullness of pleading, before going to trial.

It is therefore decreed, that the judgment of the court below be reversed, that the exception of the defendant be sustained, and that this cause be remanded, with leave to the plaintiffs to amend their petition, and for further proceedings according to law; the plaintiffs paying the costs of this appeal.