No. 576

First Circuit

MUNCH v. WALKER

(March 5, 1930. Opinion and Decree.)

Harvey Peltier, of Thibodaux, attorney for plaintiff, appellant.

J. A. O. Coignet, of Thibodaux, attorney for defendant, appellee.

MOUTON, J. Plaintiff operates a general auto repair shop in the town of Thibodaux, where he is engaged in the business of repairing automobiles; also in selling of automobile parts and accessories.

He alleges in the first article of his petition that defendant owes him $799.57, with legal interest for this, to-wit, for repairs to different cars, furnishing accessories, parts, and materials for automobiles in the sum of $489.57; also for rent and the storage by defendant of autos in his place of business in the sum of $360, these two items making up the amount of $799.57, for which he prays for judgment against defendant, subject to a credit of $50.

The defendant interposed the plea of prescription of three years to that part of the demand in which plaintiff claims $360 for storage of the cars. The claim for that amount is not pressed on this appeal, and will be taken as being abandoned.

The item of $489.57 for materials, repairs, and accessories is set out in article 3 of plaintiff's petition.

In article 8 of his original petition, plaintiff alleges that he was paid on August 15, 1924, $50 on account, by defendant, who he avers promised at the time to pay the balance as soon as possible. In article 3 of a supplemental petition, plaintiff avers that this amount of $50, paid by defendant, had been credited on the account for accessories and repairs. Obviously, this averment had reference to the item of $489.57, which plaintiff claimed in article 3 of his petition for materials, repairs, and accessories.

Defendant in his answer, article 7, says:

"In answering article 8 of the original petition and article 3 of the amended and supplemental petition, respondent admits that under date of August 15, 1924, he paid to plaintiff fifty dollars ($50.00), but denies that he at that time or at any other time, promised to pay the balance of the account, respondent now averring that it was understood between him and plaintiff that plaintiff's account was being compensated by services," etc.

The only denial in the foregoing allegation of defendant of what plaintiff had alleged in article 8 of his amended petition, was that part of article 8, where plaintiff had averred that, when defendant paid the $50, he had at the same time promised to pay the balance. The alleged fact that this amount had been paid on the item of $489.57 of the account was clearly admitted in article 7 of defendant's answer, which also carried with it an admission of that debt resulting as a legal consequence from the plea of compensation, which is also urged in article 7 of the defendant's answer.

In article 9 of defendant's answer, he claims in reconvention over $1,000 from plaintiff for various alleged services rendered him; also pleads part of the amount claimed in reconvention in compensation and extinguishment of the $489.57 demanded by plaintiff, and referring thereto as follows:

"Less the sum of fifty dollars said amount representing plaintiff's claim for accessories, parts and materials and automobile repairs."

The averment thus made is clearly and unmistakably directed against the claim of $489.57 asserted by plaintiff in article 3 of his original petition, referred to in article 8, and also in article 3 of his supplemental petition, where it is additionally alleged by plaintiff that he applied the $50 paid by defendant to his account. The claim of $489.57 sued for, as a portion of the sum of $799.57 originally demanded, was therefore admitted by the plea in compensation, Ashley vs. Sholars, 22 La. Ann. 442; Diggs, Hobson & Co. vs. Parish, 18 La. 6; Normand vs. Edwards, 23 La. Ann. 142, and also by the plea of payment of $50 on account.

Although defendant had in his answer admitted the correctness of the claim of plaintiff for the amount above referred to, plaintiff, as a witness, added more proof to defendant's judicial admissions, by testifying to the fact that defendant had actually paid these $50 on the $489.57 claimed by him for these materials, accessories, and automobile repairs. That the payment was so intended is denied by defendant, but, in view of the admissions of defendant, his liability therefor must be held to have been clearly established.

Defendant claimed in reconvention $446 from plaintiff for carrying him almost daily in one of his service cars from plaintiff's home to his place of business in the town of Thibodaux during a period of three years; also, the sum of $603.75 for taking plaintiff to New Orleans in his truck at various times, and for car service rendered plaintiff as a passenger from Thibodaux to Shriever on many occasions—making a total for the two items of $1,049.75.

The record shows that plaintiff and defendant, at the time these mutual accounts were created, were on extremely friendly terms. Up to the time that these friendly relations were broken off there can be no doubt services were rendered one to the other by these litigants without either having the intention, at the time, of charging for such services. The record shows, as we read it, that plaintiff never intended to charge defendant for the storage of his cars in plaintiff's place of business, and which plaintiff practically admits in his testimony to have been the case. It appears with equal certainty from the evidence that defendant never intended to charge plaintiff for the car service to and from the latter's home to his business establishment in Thibodaux, nor for passenger accommodations to Shriever, or for the occasional trips to New Orleans in defendant's truck.

The district judge took that view of the case, concluded that neither of these litigants had ever intended to charge the other, and dismissed the claim of the plaintiff and defendant's reconventional demand.

The amount for which defendant reconvenes amounts to $1,049.75, which exceeds by $250.18 the whole amount asserted by plaintiff. Counsel for defendant is, however, asking for the affirmance of the judgment which simply dismisses both parties, and thus denies the sum claimed by defendant in excess of the amount for which plaintiff sues. This shows that counsel has little confidence in the correctness of the demand for which his client reconvenes; otherwise he would be asking for the difference in his favor be-

tween the two demands, which was ig-nored or denied below.

While it may be true in a large measure that there was a mutual understanding between plaintiff and defendant for the free exchange of services, we do not think it is logical or reasonable to believe that plaintiff was also repairing defendant's cars, furnishing materials, parts, and accessories free of charge to defendant. Charges of that nature cannot be characterized as mere services rendered by a friend to another, but necessarily imply an expenditure of money in the furnishing of parts, materials, and accessories, and for the payment of labor in the repairs of automobiles. Plaintiff is positive that he was charging defendant for all of that, and we feel no hesitancy in believing that he was, as it is not to be supposed defendant was getting these benefits free of cost.

We believe that defendant knew that plaintiff was charging for these materials, accessories, repairs, etc., which accounts for the admissions in his answer to which we have hereinabove referred. Plaintiff, we find, is clearly entitled to recover the sum of $489.57, with legal interest from judicial demand.

It is therefore ordered, adjudged, and decreed that the part of the judgment appealed from rejecting plaintiff's demand be and is hereby avoided, annulled, and reversed; and it is further ordered and decreed that plaintiff have judgment against defendant in the sum of $489.57, with 5 per cent. per annum interest from judicial demand, that in other respects the judgment be affirmed, defendant to pay all costs of court.

LECHE, J., not participating.