Plaintiff seeks judgment against defendant for $310. He alleged that he loaned her $50 in cash on January 16, 1942, and $200 on February 14, 1942, payable on demand; that he borrowed from a finance company the money with which to make the loans and paid $60 interest thereon. This is also sued for. He avers amicable demand.
Defendant admits the loans were made to her as alleged, but pleads payment thereof. She denies liability for the other $60.
The court gave plaintiff judgment for $180 with legal interest from April 20, 1943, until paid, and defendant appealed. By answer to the appeal, plaintiff prays that the principal of the judgment be increased to $215.
A plea of payment admits that the obligation sued upon once existed. The burden of sustaining a plea of this character rests upon the pleader.
Defendant produced and tendered in evidence one receipt signed by plaintiff for $215 dated June 27, 1942, and another for $35 dated January 26, 1943. If these receipts are genuine, of course, defendant owes plaintiff no part of the loans. She testified that both receipts were genuine; that when each was signed she and defendant were in the Post Office in Shreveport, and that the amounts expressed therein were paid in cash on the dates the receipts, respectively, bear.
Plaintiff admits that on June 27, 1942, defendant paid him $15 in cash at her home in Shreveport and that he signed the receipt for the amount and testified that the words "Two Hundred" and the character "" preceding the word "Fifteen" have been added to the receipt since he signed it. He also admits that on January 26, 1943, defendant paid him $5 in cash at the Post Office; that he gave her receipt therefor. He testified that the word "Thirty" preceding the word "Five" therein was added to the receipt since he signed it. In other words, he testified that one receipt had been raised from $15 to $215 and the other one had been raised from $5 to $35. He also testified that the receipts he signed had been previously prepared by defendant and were readily signed by him, in each instance, after being paid the amount expressed in each when so signed.
The lower court, we are informed in brief of counsel, rejected defendant's testimony concerning the alleged $215 payment but accepted it as regards the alleged payment of $35.
The $215 receipt, on its face, carries more than one suspicious circumstance. The letters of the words "Two Hundred" are smaller than the letters in the word "Fifteen". The word "Fifteen" is in much darker ink than the other two and the character which precedes it. The same may be said as to the numerals "215.00" in the left hand corner of the receipt. The numeral "2" and the two naughts following the numeral "5" are written in ink somewhat lighter in color than the numerals "15". This lighter hue of ink is the same as that used in writing the words "Two Hundred" and the character "".
This receipt has a strong appearance of having been altered since its issuance. Surely the words and figures written in the lighter hue ink were not written at the same time and with the same sort of ink as were the words "Fifteen" and the numerals "15".
Mr. R.B. McPherson, an officer of the First National Bank of Shreveport, who has been in the business of banking for forty years, and who defendant admits is an "expert as to handwriting and signatures," was positive the words "Two Hundred" and the numeral "2", commented on above, were inserted in the receipt after it had been originally written out. We fully concur in this opinion and, in addition, we believe, as did the trial judge, plaintiff's version of this payment. We do not believe defendant paid him the $215 at all.
The case as regards the $35 receipt is not as strong for plaintiff as it is with regard to the $215 receipt. The word "Thirty" is in defendant's handwriting and each small letter thereof is slightly larger than the letters in the word "Five" which follows. The shade of the ink is the same for each word and the same as was used throughout the receipt. The numerals "35", as they appear in the receipt, do not look suspicious. We are forced to conclude, after close examination, that both figures were written at the same time. Whether written prior to or after the receipt was signed by plaintiff, we do not know. *Page 854 
It is possible plaintiff is in error about the $35 payment. We think so. Anyway, the probative value of the receipt for this amount has not been effectively overcome by the testimony offered for that purpose. Said testimony does not satisfactorily establish that any part of the receipt has been forged, and, this being true, it corroborates defendant's testimony sufficiently to sustain her contention with respect to this payment.
This case, on the whole, tenders factual questions only. We could advance no convincing reason for differing with the trial judge in his resolution of the issues. Certainly no manifest error appears. However, the principal of the judgment will have to be increased to a small extent. The total of payments admitted by plaintiff, plus $30 of the $35 payment, amounts to $55. This taken from the original loans of $250 leaves $195. Defendant is due plaintiff this amount.
Plaintiff is not entitled to recover the $60 interest paid by him on the money he loaned to defendant. It is not contended for here. Presumably, this item has been abandoned.
Therefore, for the reasons above given, the judgment appealed from is amended by increasing the amount thereof to $195, and as thus amended, said judgment is affirmed. Defendant is cast for all costs.