44 So.2d 325

JENNINGS v. PREJEAN et al.

No. 38984.

Jan. 9, 1950.

of that date and extending over a period through May 6, 1944, showing the amount of the balance claimed.

The defendants, a commercial partnership composed of Bernard Prejean and Ralph Prejean, filed a plea for oyer of the original bills or an itemized statement showing each article bought by them from the plaintiff, the price per pound, the weight and the amount paid for each article from January 1, 1940 to May 6, 1944, and also for a statement showing how the balance of $697.71 as of January 1, 1940, was arrived at.

Plaintiff complied with the order of Court granting the prayer for oyer by filing a statement purporting to show how the balance of $697.71 was reached and also five volumes of invoices showing details of all articles sold with the weight and price of each being given.

A. V. Pavy, Opelousas, for appellant.

Voorhies & Labbe, Lafayette, for defendants-appellees.

LE BLANC, Justice.

This is a suit brought by Kavannaugh Jennings to recover a balance alleged to be due on an open account. The original demand was for the sum of Three Thousand, Ninety-two ($3092.46) and 46/100 Dollars, the amount shown to be due as the balance on a statement annexed to the plaintiff's petition. The statement is one of debits and credits from January 1, 1940, carrying a balance of Six Hundred, Ninety-seven ($697.71) and 71/100 Dollars as

He also filed a supplemental and amended petition in which he alleged an error in his original petition with reference to a credit shown in the statement annexed thereto as of December 31, 1942. He alleges that whereas a credit of $3022.74 appears, the truth and fact of the matter is that the same was a profit and loss item or charge off listed in his books of account as of that date. He filed, with this supplemental petition, a statement showing what he claims to be the correct balance due him, which statement, he alleges, also makes adjustments for minor errors in listing invoices and including credits al-

lowed defendants for items where invoices were not available, the whole resulting in an increase in the amount of his demand to a balance of $5575.46 from the original balance claimed of $3092.46.

The statement showing how the balance of $697.71 as of January 1, 1949 was arrived at consists of a list of debits and credits beginning April 27, 1939. The total charges amount to $7600.27 and the credits to $6902.56.

Defendant next filed an exception of vagueness in which they alleged that the documents filed in answer to their prayer for oyer failed to show what articles are alleged to have been sold at the various dates stated. Plaintiff then filed another supplemental petition in which he shows that all transactions between him and the defendants related to the purchase of live stock consisting of cattle which they bought from him in their wholesale and retail meat business and that all invoices filed represented purchases of cattle except in a few instances where they bought hogs and goats, in which the invoices so indicated.

Defendants then filed an answer in which they denied any indebtedness due by them to the plaintiff. Further answering they alleged that in addition to the payments shown as credits on the statement incorporated in plaintiff's suit, they paid him by check, between the dates of April 1, 1941 and March 30, 1944, certain amounts listed by them and totalling the sum of $5265.11. Otherwise, in answering the supplemental petitions, they admit having dealt with the plaintiff in buying large quantities of cattle, goats and hogs from him, but deny that they are indebted to him.

At the trial of the case in the Court below, when counsel for plaintiff attempted to prove the correctness of the two statements annexed as exhibits to his original and his supplemental petitions and that these reflected all the charges made against the defendants and all the credits to which they were entitled, counsel for defendants objected to any testimony tending to prove the correctness of any items not incorporated or represented by bills and invoices furnished in answer to the prayer for oyer. The Court reserved its ruling on the objection which was ordered to be considered as a general objection to all testimony of a similar nature. Counsel, however, protected their objection at every instance it became necessary, throughout the trial.

When he came to decide the case, the district judge concluded that the objection was good and that all testimony of the nature complained of should have been excluded. In as much as under the limited proof as shown by the invoices and the admitted credits, the amount of credits was in excess of the amount plaintiff could prove by the invoices, that naturally resulted in a rejection of plaintiff's demand.

The learned district judge nevertheless took the trouble to consider and analyze all the testimony produced in the record and was of the opinion that plaintiff had failed to support his claim with sufficient proof. He, accordingly, rendered judgment in favor of defendants and plaintiff now prosecutes this appeal.

As we have concluded that the objection to all testimony by which plaintiff sought to prove charges for items beyond those contained in the invoices filed in compliance with the prayer for oyer was well taken, we will limit our discussion of the case to that point.

■■■ It is elementary in the rules of pleading that where an exhibit in the form of some instrument or document is attached to a petition, the recitals or contents of the exhibit govern and control the allegation of the petition itself. See American Jurisprudence, Vol. 41, page 329, par. 57, Title, Pleading. The rule is well established and recognized in this State. See Sladovich v. Glaser, 150 La. 918, 91 So. 297, 298, wherein it is tersely stated: "This instrument, being annexed to and made part of the petition, controls the allegations of the petition itself." It is also the rule, as recognized in Louisiana, that where, in response to a prayer for oyer, a plaintiff produces and files in Court a document or documents on which his cause of action is based, the document or documents forming part of his demand, "are controlling wherever they are at variance with the allegations of the petition." See Noble v. Plouf, 154 La. 429, 430, 97 So. 599. See also Rawleigh Co. v. Trasher, La.App., 153 So. 719, 720, in which the defendant prayed for oyer of an itemized account, the same as was prayed for by the defendants in this case, and it was held that "when it was filed, it became part of the proceedings and controlled the allegations of the petition."

■■ In the present case, plaintiff declared in an open account on which he claimed a certain balance was due him by the defendants. The statement he annexed to his petition began with an unidentified balance of $697.71 as of January 1, 1940. Through ten closely typewritten pages, the statement carried a list of credits and debits through May 6, 1944, on which date, the balance claimed was struck. Finding themselves without sufficient information concerning the items of debit and credit of which the account producing the balance was composed, to answer the demand made against them, the defendants filed their prayer for oyer of all the invoices covering the various transactions they had had over a long period of years with the plaintiff. This information they were clearly entitled to. See Ledoux et al. v. Goza, 2 La.Ann. 395. When, in response to the prayer for oyer, plaintiff produced the five bound volumes of invoices beginning with the one of June 8, 1939 when the transactions between them first started, these became a part of the proceedings

and controlled the allegations contained in the petition. In other words, in case of a variance between the charges appearing in the invoices and those listed in the statement annexed to plaintiff's petition, the charges as contained in the invoices controlled.

When all the charges, according to the invoices produced, were added, they were found to total the sum of $200,458.85. In the statement of account annexed to plaintiff's original petition, the credits listed in favor of the defendants aggregate the sum of $211,529.61. Obviously, in order to arrive at the balance claimed to be due, the charges have to be in excess of that amount and are therefore at variance with the invoices produced in answer to the demand for oyer. Under the circumstances presented, and under the rules of pleading as established, the amount as shown by the invoices controlled, and plaintiff thus became limited in the proof of his demand. His counsel seems to have conceded as much for at one stage of the proceedings when counsel for defendants was pressing his objection, he dictated the following statement for the transcript: "Counsel for plaintiff accepts the objection and only the debits in exhibit 'A' which are supported by the bills are introduced in evidence."

He now contends, however, that the defense, being in the nature of a plea of payment, the burden rested on the defendants to make the necessary proof. But again plaintiff is confronted in this contention with the rule that the credits listed in the sworn statement attached to his petition constituted judicial admissions of payments by which he was bound. In the early case of Marr v. Hyde, 8 Rob. 13, the Court stated: "It is now well settled, that where a party is bound to furnish an account, his adversary may use that part of it which is against him, without being compelled to admit the items in it that are in his favor." As correctly stated by the trial judge in the present case, "When a statement of account is presented in the form used by the plaintiff, the 'debits' listed thereon represent charges against defendants which the plaintiff is bound to support with competent, legal evidence; while on the other hand the 'credits' listed on such statement of account, which represent amounts paid to the plaintiff, are judicial admissions against the plaintiff's interest; and accordingly when the plaintiff admits a fact, such as the credits in this case, it is not necessary for the defendant to offer proof thereof."

The case was properly disposed of by the ruling of the trial judge on the question of proof, and the judgment appealed from is accordingly affirmed at the costs of the plaintiff, appellant.