LOTTINGER, Judge.
This is an action by Jack Ginn against Otto Ginn to recover the sum of $250 with legal interest and costs, which sum represents the purchase price of a bull allegedly sold and delivered by Jack Ginn to Otto Ginn on August 25, 1947. Defendant answered alleging payment of said sum and, by way of reconventional demand, seeks to recover of plaintiff the sum of $90.31 as damages allegedly caused by plaintiff to a tractor belonging to defendant and the sum of $106 as rental of a pasture. Plaintiff filed an exception of no right or cause of action to the reconven-tional demand, which exception was sustained by the lower court, thus dismissing t)he reconventional demand. Plaintiff caused a writ of sequestration to be issued whereby the bull was seized and *656 placed into the possession of plaintiff. Upon posting- bond, defendant recovered possession of said bull pending trial of the matter. It appears from testimony adduced at trial that the said bull died of acid poisoning three days after it was recovered- by defendant. The lower court gave judgment for plaintiff in the amount sued upon and maintaining the writ of sequestration. Defendant appeals.
No argument was presented before this court either orally or in brief, claiming any error committed by-the lower court in maintaining said exception to the reco-n-ventional demand, we' assume, therefore, that said demand has 'been abandoned by defendant.
Nowhere in defendant’s answer appears a denial that the bull was sold and delivered by plaintiff to defendant. Paragraph 2 of plaintiff’s petition provides: “That on August 25, 1947, petitioner 'bought from R. W. Eisworth, doing business as ‘Louisiana Hereford Farm’, Greenwell Springs, Louisiana, nine' (9) registered Hereford cows,, and two (2) registered Hereford bulls, for the total price of Two Thousand Dollars ($2,000.00).” Paragraph 3 of said petition provides: “That on the same date, and at the same time and place as he made, the purchases aforesaid, petitioner sold to Otto Ginn one of the registered bulls purchased by plaintiff named ‘Mike’, and tattooed No. B-23 in the left ear, said animal being calved March 19, 1946, and at the request of Otto- Ginn, the seller to- your petitioner signed the necessary registration papers for the transfer of the registration certificate on said bull named ‘Mike’ direct to Otto Ginn.” Paragraph 4 of said petition provides: “That the bull was delivered to the said Otto Ginn on August 25, 1947, and was to have been paid for by the said Otto Ginn within the period of one or two weeks.” In paragraph 2 of defendant’s answer,'' for lack of sufficient information to justify a belief, he denies the allegations of paragraph 2 of plaintiff’s petition. In paragraphs '3 and 4 of defendant’s answer, he admits the allegations of paragraphs 3 and 4 of plaintiff’s petition, thus admitting the sale and delivery of the bull by plaintiff to defendant. On trial of this case, defendant testified that he borrowed $250 from plaintiff so that he might purchase said bull directly from R. W. Eisworth. On the other hand, plaintiff testified that he purchased the bull from R. W. Eisworth and immediately sold the bull to defendant; that the Certificate of Registration on said bull was made out directly from R. W. Eisworth to defendant in order to save money. Only the parties to this suit testified on this point, and their evidence was in direct conflict. As the lower court found that the sale of the bull was from plaintiff to defendant, as was alleged by plaintiff, and our learned brother of the lower court was in more favorable position to evaluate the testimony of the parties, we will not disturb said finding. Thus, we find that the plaintiff had a vendor’s lien on said bull and the writ of sequestration was correctly issued.
Article 2232 of the Revised- Civil Code provides that “ * * * he who contends that he is exonerated, must prove the payment or the fact which has produced the extinction of the obligation.” Thus, as plaintiff has sustained his burden of proving that there was a sale of the bull from plaintiff to defendant, the burden now shifts to defendant to prove payment of the purchase price.
By far and large the greatest amount of testimony adduced on trial involved the question of whether or-not the purchase price of the bull was paid by defendant. Defendant claimed that said purchase price was paid to plaintiff by defendant’s wife, Mrs. Otto Ginn, on the evening of September 18, 1947. Defendant claims that he, the defendant, his wife, Mrs. Otto Ginn, his daughter, Dorothy, his father, Robert A. Ginn, plaintiff, and plaintiff’s wife, Mrs. Jack Ginn were present at the alleged payment. This claim was substantiated by the testimony of defendant, his wife, and his daughter, and was later substantiated by deposition of Robert A. Ginn taken on May 9, 1948. In support of said testimony, a deposit slip of the Fidelity National Bank of Baton Rouge was introduced into evidence, marked D-l, shewing that on September *657 18, 1947, a certain check was cashed by-Mrs. Otto Ginn in the amount of $403.-62, of which the sum of $260 was retained by Mrs. Otto Ginn and the balance deposited to the account of Mr. and Mrs. Otto Ginn. Of said $260 the defense claims $250 was withheld in order to pay plaintiff, and the remainder was withheld to purchase a birthday present for defendant’s daughter.
On the other hand plaintiff testified that he had never been paid by defendant. Plaintiff’s wife, Mrs. Jack Ginn testified that her husband was never paid such sum in her presence, as is claimed by the defense. In support of said claim by plaintiff, two letters were introduced into evidence by plaintiff, the first of said letters, marked P-3, was a copy of a letter written by plaintiff’s attorney to defendant, under date of October 5, 1948, in which demand was made for $250 representing the purchase price of the bull. The other letter, marked P-4, was .written by defendant’s attorney to- plaintiff’s attorney, under date of October 15, 1948, in which an indebtr edness by defendant to plaintiff is admitted in the sum of $250. The fact has been urged by counsel for plaintiff that both of the said letters were dated later than- September 18, 1947, the date on which defendant claims to- have paid the indebtedness. Upon taking the witness stand, the attorney for defendant testified that the indebtedness admitted in his letter was not the debt sued upon herein, but was rather an indebtedness owed by defendant to Mrs. Jack Ginn in the sum of $250, and that in writing the said letter he confused the two accounts.
From the contradictory testimony introduced on the trial herein, it is apparent that one or both sides were guilty of gross prevarication. Plaintiff and defendant are cousins. The testimony indicated that bad-blood existed between the parties to this action for some months before the trial of this matter. The lower court, in its wise discretion, chose to believe the evidence introduced by plaintiff and to falsify the evidence introduced by the defendant. It has long been the practice of the appellate courts of this state that questions of fact determined by the trial courts will not be disturbed except for manifest error. This is necessary because of the presence of witnesses before the trial court, which makes it possible for the trial judge to observe the reaction of witnesses under examination and thus determine and weigh their credibility. In cases such as this, where it is obvious that witnesses on one or both sides are guilty of untruths, it is important, in the interest of justice, that the findings of fact by the trial court be not disturbed. The trial judge assigned written reasons for judgment. Surely we cannot say that he has manifestly erred in his findings of fact and therefore the judgment appealed from will be affirmed.
Judgment affirmed at the cost of defendant.