DORÉ, Judge.
This' is a suit brought by the plaintiff Valery W. Bourg, to recover from the defendant the sum of $701.65 alleged to he due by him as an unpaid balance of an open account arising from the sale of dried shrimp by plaintiff to defendant.
In his petition, the plaintiff avers that he “sold and delivered merchandise, consisting primarily of dried shrimp, unto the defendant on the dates, and in the amounts which will more fully appear from an itemized affidavit of account, annexed hereto and made part of this petition (italics ours)— the total amount of which purchases amounted to One Thousand Four Hundred Eighty Seven and 90/100 ($1,487.90) Dollars, as against which amount defendant paid a total of Seven Hundred Eighty Six and 25/100 ($786.25) Dollars, leaving a balance owing to plaintiff of Seven Hundred One and 65/100 ($701.65) Dollars.”
In the itemized affidavit of account, which is annexed and which is clearly made a part of the petition, it is stated that, “affiant sold and delivered merchandise, consisting primarily of dried shrimp, unto Ellis Songy, in the dates, quantities, and amounts as will more fully appear from duplicate signed delivery receipts as follows(Italics ours.) There then follows a specific listing of the dates of sales and the amounts thereof, after which follows a specific listing of the dates of payments and the respective amounts thereof and a showing of the full account less the amount paid, leaving the amount sued upon.
The defendant filed a prayer for oyer averring that he was unable to plead or answer in this cause without oyer of the following:
1. Copies of the invoices or a detailed statement of the contents of the invoices which formed the basis of the plaintiff’s claim.
2. The account books of the plaintiff, d/b/a Val Bourg Packing Company of Donaldsonville, Louisiana, which reflect the credits on the amounts of Ellis Songy for the years 1951 and 1952.
Considering the said prayer the Court signed an order commanding the plaintiff to produce and file with the Clerk of the Court the documents and books described in the prayer within ten days of service of the order and relieving the defendant from pleading or answering until the documents and books were filed, and that, in default in *359 compliance with the order, that plaintiffs petition be dismissed as of non-suit, at his cost.
The plaintiff countered with a rule to show cause why the aforesaid order should not be recalled and set aside and the prayer for oyer dismissed.
Upon trial of the rule, the trial judge concluded, “I can see no objection in this case to requiring the plaintiff to furnish the purchase slips or orders alleged to have been made by the defendant and upon which the items appearing on the open account are predicated.” He accordingly recalled the rule and reinstated the original order, in so far as requiring the production of the purchase slips. The plaintiff failed to comply with the said order and in accordance with its terms his suit was dismissed at his cost and he has appealed from such judgment.
It is now well settled in this State that where an exhibit in the form of some instrument is attached to a petition, or even more so, as in this case, where it is made a part of the petition by direct reference, the recitals or contents of the exhibit govern and control the allegations of the petition itself. See Sladovich v. Glaser, 150 La. 918, 91 So. 297, 298, wherein it is tersely stated: “This instrument (in our case the affidavit of account), being annexed to and made a part of the petition, controls the allegations of the pétition itself.”
In the case at bar the plaintiff, in the itemized affidavit attached to and made a part of this petition, clearly and concisely bases his cause of action upon “duplicate signed delivery receipts.” The defendant finding himself without sufficient information to properly answer, due to the failure of the plaintiff to attach to his original petition and the affidavit the “duplicate signed delivery receipts” on which he relies in his demand against defendant, the defendant had a perfect right to file his prayer for oyer for the reason that he is clearly entitled to the information sought before pleading or answering. See Jennings v. Prejean, 216 La. 645, 44 So.2d 325; Ledoux v. Goza, 2 La.Ann. 395.
In this Court, plaintiff’s main contention is that he is suing on an open account and has filed an itemized statement of the account. We agree that he has filed an itemized statement of an open account, but, it is obvious that he went further than that. He alleged that the sale of the merchandise would more fully appear by the “signed delivery receipts”* which receipts, those specifically referred to, he fails to annex to the affidavit. He further contends now that he does not know whether these alleged receipts are admissible in evidence or not; whether they may or may not have ■been signed by defendant or an authorized agent of defendant; whether they are forgeries or not. Our answer to this contention is that if plaintiff finds himself unable to substantiate his averment he has only himself to blame.
Finding no error of law committed by the trial judge, the judgment appealed from is affirmed.