LOTTINGER, Judge.
This is a suit on open account wherein the plaintiff claims that the defendant is indebted to him in the amount of $245.59 for repair work done to two Dodge trucks be *114 longing to the defendant. The petition sets forth that labor and parts were furnished “on the dates and for the prices shown as follows.” Following this statement, there is a list of various sales slips covering parts, labor, taxes, etc., all of which are dated November 30, 1949.
In the affidavit of the plaintiff attached to his petition and made part thereof, the statement is made that “Petitioner sold and delivered, replaced, repaired and labored for the defendant on his Dodge Pick-up truck and Dodge 2-ton vehicle, No. 2, during 1949 and said account amounted to Three Hundred and forty-five and 59/100 .($345.59).Dollars, * * *”
The defendant filed an answer in Paragraph 2 of which he made the following allegation:
“That he denies the allegations of Paragraph Two (2) of Plaintiff’s petition and specifically shows that the repairs done on the Dodge Pick-up truck were fully paid in the following manner:
“By one check for $100.00 together with the delivery of a motor which the plaintiff agreed to pay the defendant the sum of $50.00; '
and that actually, the plaintiff is indebted unto your defendant in the amount of Twenty-six and 27/100 ($26.27) Dollars, which amount is still due and owing; that as to the remaining allegation in Paragraph Two as to work done, your defendant specifically alleges that he had paid plaintiff in full for all work which he had done and that same is evidenced by a check dated September 1949 and that the allegation for work having been done on November 30, 1949 was impossible, inasmuch as defendant’s truck was working during the harvesting season during October and November and specifically on November 30, 1949; and further, your defendant shows that he never has owned a two ton truck.”
Upon the trial of the matter in the Court below, the defendant’s counsel objected to any testimony offered by the plaintiff relative to work done or parts furnished on any date other than November 30, 1949. This objection, which was made general, was over-ruled by the trial judge and judgment was subsequently rendered in favor of the plaintiff as prayed for, from which the defendant prosecutes this appeal. The principal point urged by counsel for appellant before us is that the trial judge erred in overruling the objection to testimony covering the furnishing of material or labor on any date other than the 30th day of November, 1949, it being his contention that from the pleadings as drawn, the plaintiff was restricted to proof in conformity therewith. It strikes us that even though the recitations of the petition refer only to the 30th day of November, 1949, the fact remains that the affidavit attached to and made part of the petition refers to a period termed therein “during 1949.” As was said in the case of Bourg v. Songy, La.App., 61 So.2d 358, 359:
“It is now well settled in this State that where an exhibit in the form of some instrument is attached to a petition, or even more so, as in this case, where it is made a part of the petition by direct reference, the recitals or contents of the exhibit govern and control the allegations of the petition itself.”
The instrument referred to in the Bourg v. Songy case was an affidavit, attached to and made a part of the petition, same as here. This being the case,' we feel that counsel could have guarded against the chance of being surprised by merely filing an exception of vagueness requiring plaintiff to clarify the exact dates upon which the material and labor were furnished. A similar situation arose in the case of Swimmer v. Rappelet, La.App., 55 So.2d 691, wherein we held that the defendant’s remedy where the statement simply showed the year for which the account was due, was to file and urge an exception of vagueness rather than wait until the trial and urge objection to the introduction of testimony.
*115 It strikes us further that the defendant has, by his pleadings, pleaded payment and compensation of the debt sued upon and has reconvened for a judgment in his favor and against the plaintiff for the amount of $26.27 as the balance due on said account. According to Art. 2133 of the LSA-Civil Code, “Every payment presupposes a debt.” and according to Art. 2232 of the LSA-Civil Code, “He who claims the execution of an obligation must prove it.” Therefore, a plea of payment or compensation admits that the obligation sued upon once existed and the burden of sustaining the plea of such character rests upon the pleader. See Alexander v. Paul, La.App., 18 So.2d 852 and Munch v. Walker, 12 La.App. 527, 126 So. 525.
The record does not contain the testimony of the witnesses but an agreed statement of facts containing the testimony of the plaintiff and the defendant. The trial judge evidently believed the testimony of the plaintiff and we can find nothing in the statement of facts which would warrant a reversal of these findings.
For the reasons assigned, the judgment appealed from is affirmed.
Judgment affirmed.