TATE, Judge.
Defendant purchaser appeals from judgment of $946 in favor of plaintiff seller for the balance of the purchase price allegedly due for a 1955 Oldsmobile sold to defendant Jones.
Essentially the decision rests upon the factual determination of whether defendant Jones, as he claims, paid $946 cash to plaintiff Webre before execution of a bill of sale; or whether, on the other hand, plaintiff Webre’s testimony is correct that Jones did not pay this amount, although he had .agreed to do so or else to have his father trade in a 1953 Oldsmobile for this down payment. The balance of the $2,500 pur•chase price was financed.
The District Court accepted the positive testimony of Webre, that he had not received this payment, corroborated somewhat by his retaining an unsecured check made out in the amount of $2,500 and •signed by defendant Jones on the Saturday •the automobile was delivered, pending •completion of the finance papers on the following Monday; immediately following which, according to Webre, defendant’s father (who admittedly was present during some of the bargaining) was either to trade in his old 1953 Oldsmobile or else the defendant himself was to pay this down payment of $946 in cash.
Apparently also the District Court discounted the testimony of defendant Jones, his father, and his wife that Jones had saved from his salary as school teacher the sum of $1,000 in cash, depositing same in his father’s locked cash register, rather than in a bank account. (Defendant’s father maintained a checking account.)
As we stated in Ginn v. Ginn, La. App. 1 Cir., 48 So.2d 655, at page 657, similarly awarding a seller the unpaid purchase price despite the purchaser’s claim it had been paid, “in cases such as this, where it is obvious that witnesses on one or both sides are guilty of untruths, it is important, in the interest of justice, that the findings of fact by the trial court be not disturbed”, since the trial judge is in a far better position than an appellate court “to observe the reaction of witnesses under examination and thus determine and weigh their credibility.”
Counsel for defendant astutely seeks to evade the well settled jurisprudence that the party alleging that payment has extinguished an admitted former obligation has the burden of proving same, Article 2232, LSA-Civil Code; Pitre v. Bourg, La.App. 1 Cir., 77 So.2d 113; White v. Oakes, La.App. 2 Cir., 33 So.2d 698, by arguing; first, that this burden was satisfied by the testimony of defendant and members of his family that he had •made payment in cash (which testimony, however, as above noted, was not accepted •by the District Court) ; and further, by arguing that the bill of sale constituted an acknowledgment or receipt by plaintiff that the sum of $946 had been paid to him by Jones, thus shifting the burden back upon the plaintiff desiring to contradict this instrument executed by himself.
However, the bill of sale simply notes that the total cash price (including sales *112 tax) was $2,550, upon which (to arrive at the net amount to be financed) a credit in the amount of $946 was allowed for “car traded”. It does not acknowledge receipt of any cash.
It is admitted that no car was traded. Defendant’s witnesses testified that Jones signed a document several weeks before the actual sale by which he agreed to trade his father’s 1953 Oldsmobile automobile upon the purchase price of the 1955 car actually purchased (which they say was at the request of plaintiff to facilitate the latter’s obtaining delivery of the new car for re-sale to Jones.)
Counsel strongly argues as corroborative of Jones’ strong belief he had paid plaintiff, defendant’s refusal to pay the alleged balance due despite an attempt to intimidate him into such payment by pressing criminal charges based upon the alleged issuance of a worthless check (the $2,500 “check” signed to evidence the debt for the purchase price during the time between which the car was delivered to Jones and the time the formal sale and mortgage was actually executed).
But the substance of such argument is simply that the District Court incorrectly evaluated the credibility of the witnesses, and this evidence does not give rise to so compelling a conclusion. For instance, although (as able counsel for defendant indicates) such attempt to secure payment by intimidation through the criminal process may be far from commendable, perhaps it could also be construed as instancing plaintiff’s own strong belief that the purchase price had not been paid; it was admitted that the arresting police officer stated to Jones that plaintiff simply wanted the $946 allegedly owed, not the full amount of $2,500 for which the check was signed.
For the above and foregoing reasons, the judgment of the District Court herein is affirmed.
Affirmed.