REID, Judge.
This is a suit brought by Mortgage Service, Inc., as Assignee of an open account of goods, wares, and merchandise sold by Franklinton Wholesale, a store owned by Ernest S. Webb, to the defendant, Melvin Booty for the sum of $1787.83 plus legal interest from legal demand until paid, and costs.
Plaintiff alleges that certain payments were made and the defendant furnished with a new statement at each time, which said statements showed the credits for the payments made, stating that the defendant acknowledged the correctness of said account and that said account constitutes “account stated.” The plaintiff purchased this account from Ernest S. Webb on July 5, 1960. There is a copy of the account annexed to the petition, which account covers *462 from December 28th, 1959 through May 21st, 1960.
The defendant first filed an exception of vagueness, which exception was overruled by the court and then an answer was filed. Defendant denied each and every allegation of the petition and the matter was tried and submitted to the Court. The lower court rendered judgment in favor of the plaintiff and against the defendant for the sum of $22.06 with interest from judicial demand until paid and all costs.
From this judgment the plaintiff prosecutes this devolutive appeal. The facts show that the defendant Booty had been doing business with Franklinton Wholesale for many years. The plaintiff offered the account, which is annexed to the petition and marked P-1. The defendant objected to the offering of this account because the account was neither an itemized account nor an account stated for the reason that the document brings a balance forward in December, 1959 in the amount of $1829.67. The court admitted the testimony subject to the objection. The plaintiff then offered as P-2 additional ledger sheets, which cover the account for the years prior to 1959 and 1960. The defendant objected to these offerings and the court let the objection go to the effect. The plaintiff put on a Mrs. Eva M. Babbitt, who had been the bookkeeper of Franklinton Wholesale for many years. She identified the items of the account, annexed to the petition, from 1959 through May, 1960. She further testified that she had given receipts to Mr. Booty or his wife showing the balance due after such receipt and they had made no protest to it. The plaintiff then put on Mr. Ernest S. Webb, who formerly operated the Frank-linton Wholesale and he testified that Mr. Booty had never made any complaint regarding the accuracy of his account. He testified to the same as to Mrs. Malcolm Booty, wife of the defendant. ITe likewise testified that he didn’t keep the books because he had a bookkeeper employed for that purpose, and he managed the business. Mr. Webb, in addition, identified the Act of Sale, Plaintiff’s Exhibit No. 3 dated July 5, 1960. Mr. Webb further testified that the last amount due on the account was $1787.83 which is the amount paid by Mortgage Service, Inc., for this particular account. In addition they produced Mr. W. E. Forbes, President of Mortgage Service, Inc., who likewise testified to the purchase of the account.
The defendant took the stand and admitted trading with them but testified that he didn’t get any receipts or any statement during the entire time he traded there. He further testified that they had a little book in which they would make an entry of each purchase and give him the carbon copy and they would keep the original. When he returned and paid the amount of the tickets they would not give him a statement or receipt and he was not informed as to the balance due.
Mr. Booty further identified a series of checks, which were filed in evidence marked D-l, D-2, D-3, D^l, and D-5. These checks were payable to Franklinton Wholesale and signed by J. M. Booty or Mrs. J. M. Booty and Exhibit No. 1 covers checks issued in 1959 amounting to $2578.98; D-2 issued in 1958 covers $3678.81; D-3 issued in 1957 totaled $3782.61; D-4 issued in 1952 covers $883.00; D-5 issued in 1956 amount to $2566.93.
The plaintiff’s Exhibit No. 2 which was the old account offered over the objection of the defendant, does not show a credit of but one of these checks offered by the defendant. The account is mostly made up of merchandise tickets which corroborates the defendant in his version as to the method of operation pursued by Franklinton Wholesale in their dealings with him.
The trial judge in his written reasons for judgment found that there was no evidence whatsoever to substantiate the correctness of the balance. Comparing the statement marked P-2 with the cancelled checks offered by the defendant definitely *463 shows that the old account was incorrect. It seems to the court that the defendant’s objection to the account, both P-1 and P-2, were good and that the exception of vagueness should have been sustained. The law of our state is definite, that where one is sued on an account and the principal item on the account is stated to be a “balance of former accounts as rendered”, and the defendant excepted to the petition the plaintiff should not be allowed to proceed without furnishing the items of debits and credits of which account producing the balance is composed. See Ledoux v. Goza, 2 La.Ann. 395; Kramme v. Durgin, 4 Orleans App. 58; Chauvin & Chauvin v. Born, 12 Orleans App. 90; Greig v. Comeau, 9 La.App. 250, 119 So. 459.
The trial court found that the statement annexed to the petition, which really only covers the account from December 28th, 1959 through May 21st, 1960 showed a balance of $1787.83. At the end of each month a balance was struck of $1765.77. However, the account at the beginning of March 5, 1960 shows a balance brought forward of $1848.68. The trial court gave judgment for the difference between $1765.77 and the $1787.83, or $22.06.
Counsel for the plaintiff-appellant based his argument that it is “an account stated” and that the defendant had acknowledged the account on numerous occasions. In addition, he urges that the wife of the defendant, who seemed to have made some of the payments, was present and did not testify and he urged the fact that her failure to testify could be construed that she was a hostile witness. Plowever, the trial judge heard the testimony and saw the witnesses and was best able to pass on their veracity and the credit to be given to their testimony. We believe the plaintiff failed to prove its case by a fair preponderance of the evidence. We find no manifest error in this judgment and accordingly the same is hereby affirmed.
Affirmed.