AYRES, Judge.
This is an action upon an open account. The testimony adduced on the trial of the case was not reduced to writing. However, a narrative of facts by the trial judge reflects that plaintiff testified defendant was indebted unto him in the sum of $207.-55, which indebtedness was disclosed by a statement of account filed in evidence, and that no payment had been made to reduce the balance of the account. Defendant testified denying he was indebted unto plaintiff for any sum. Three checks were filed in evidence to show payment of the account. Based on these facts, the court concluded plaintiff had established his case by a legal preponderance of evidence and accordingly rendered judgment in favor of plaintiff for the amount claimed. From the judgment, defendant appealed.
*362 With reference to the checks offered to show payment of the account, it appears appropriate to first point out that it was noted on the checks, and was in fact conceded in argument before this court, that they were given in payment of specific merchandise not included in or constituting a part of the account. Therefore neither the checks nor the purchases made thereby have any application to the account with which we are now concerned.
Defendant’s contention that plaintiff has not borne the burden of proof imposed by law upon him and established his claim by a reasonable preponderance of evidence is predicated upon an objection first made in this court, insofar as the record discloses, that the statement of the account was not completely itemized. This statement, with reference to which plaintiff testified, recited that, as of April 5, 1962, defendant owed plaintiff a balance on the account of $101.05; that on that date defendant made additional purchases of fertilizers to the extent of $47.50. No additional itemization was made as to these charges which aggregate $148.55. No objection appears to be made that the remainder of the account was not properly itemized. Plaintiff’s objections relate to the alleged insufficiency of the itemization of the account as the statement concerns the sum of $148.55.
While it is true, as noted in Mortgage Service, Inc. v. Booty, 140 So.2d 461, 463 (La.App., 1st Cir. 1962), that “where one is sued on an account and the principal item on the account is stated to be a ‘balance of former accounts as rendered’, and the defendant excepted to the petition the plaintiff should not be allowed to proceed without furnishing the items of debits and credits of which account producing the balance is composed,” defendant in the instant case urged no formal objections to the manner in which plaintiff kept his account, nor did he pray for oyer of the account or request that the account be itemized. During the course of the trial, so far as the record reflects, he registered no formal objections in that regard. In argument and in brief before this court however, defendant strenuously urges that plaintiff did not and could not adequately establish the account against him for the reason that it was not itemized.
In this connection, it may be pointed out that plaintiff is a country merchant, owning and operating a grocery at Keatchie in DeSoto Parish, Louisiana. His system of bookkeeping does not conform to the best methods of practice and his records reflect the unbusinesslike character of his operation. Plaintiff, nevertheless, testified that the indebtedness reflected on the account was due, owing, and unpaid. This, defendant contradicted by a mere denial, but pointed out no particular errors.
The trial court, after hearing the testimony of both plaintiff and defendant, concluded that plaintiff had established the correctness of the account. Although the account was not kept, as already noted, in accordance with usual business methods and practices, we are of the opinion, as was the trial judge, that the indebtedness was sufficiently proved.
Under similar circumstances we held, in Drouin v. Marks, 92 So.2d 313, 315 (1957), that where an account for groceries and other supplies was not kept in accordance with usual business methods and practices, but defendant urged no formal objections to the manner in which plaintiff kept the account, nor did he pray for oyer of the account or that the account be itemized, defendant’s indebtedness to plaintiff on the account was sufficiently proved although not itemized.
The judgment appealed is accordingly affirmed at defendant-appellant’s costs.
Affirmed.