COLE, Judge.
This is an expropriation case involving the Gonzales-Sorrento section of Interstate 10. Defendant owns a 1.874 acre tract of land fronting approximately 205 feet on La. Hwy. 44 with a depth of 410 feet. The part expropriated fronted on La. 44 and was a 1,639 square foot triangular portion in the northeast corner of the tract. The purpose of the taking was to widen La. 44 to provide for the merging lane from the “down ramp” of Interstate 10.
The petition of expropriation was filed February 25, 1972. The State of Louisiana, through the Department of Highways (hereinafter referred to as the State), deposited the sum of $489 as just compensation for the land taken. Defendant Burnett did not answer the petition until February of 1979. In his answer he asserted the land was worth $12,000 and asked for $50,000 in severance damages.
At trial various experts testified as to the value of the land taken. The State produced two expert real estate appraisers, Oren Russell and Daniel Carlock. Mr. Russell testified the best use of the property was residential with commercial potential. He valued the part taken at $489. This estimate was based on a value of $171 for the land and $318 for the driveway located on the expropriated part. Mr. Carlock stated the best use of the land was residential and estimated its worth at $150 for the land and $477 for the driveway, a total of $627. Both experts based their estimate on various residential sales in the area and neither found evidence of any severance damages.
The defendant’s real estate expert, Kermit Williams, testified the best use for the land was commercial. Using various comparable commercial sales in the area he estimated the part taken to be worth $3,277.80 and found severance damages of $33,459.00, equalling a total of $36,736.80.
In reasons for judgment, the trial court agreed with defendant’s expert that the best use of the land was commercial and therefore accepted Mr. Williams’ valuation of the land. He further agreed with Mr. Williams that severance damages were due and therefore awarded the amount mentioned above. From this judgment the State has appealed.
The first issue to be determined is whether or not severance damages were due the landowner. After carefully reviewing the record we conclude the trial court was clearly wrong in awarding such damages and therefore we reverse on this issue.
*535 The gist of the severance damage issue is whether or not the land taken was a part of the “controlled access facility.” The defendant contends any lands expropriated in connection with the Interstate 10 project are a part of the controlled access facility. (“Controlled access” means that persons may enter and exit the highway only from certain predesignated points or with special permission from the state.) Therefore he claims the value of his remaining land is greatly reduced because he is virtually “blocked off” from La. 44 except for the portion of his land that was not expropriated. He admits he presently has free access along the expropriated area but contends the State could deny him this access at any time. The State argues the remainder of defendant’s land abutting the part taken is presently not part of the controlled access area, nor is there any intention on the State’s part to make it so in the future.
The trial judge was influenced by the language in the petition and in the order of expropriation, which could admittedly be interpreted as including this land as a part of the controlled access facility. The language found in the petition reads as follows:
“Petitioner desires and proposes to construct in the Parish of Ascension a certain project designated as State Project No. 450-11-08, Federal Aid Project No. 1-10-4(21)180, Dutchtown-Sorrento Interstate Highway (Gonzales-Sorrento Section) State Route La. 1-10, which project provides for the construction of a controlled-access facility in Ascension Parish along proposed State Route I — 10, including flare areas, interchanges, drainage structure and access and service roads and other appurtenances, beginning at the southerly end of State Project No. 450-11-02... . ” (Emphasis added.)
Defendant contends the land in dispute, not fitting any other category, fits under the heading of “appurtenances.” He argues the phrase “controlled-access facility . .. including ... appurtenances” means that the appurtenances are a part of the controlled access facility. We find this language ambiguous and subject to at least two interpretations. One could interpret it as defendant argues, that the term “controlled access facility” refers to the items enumerated, including the “appurtenances.” Under this interpretation the land expropriated would definitely be a limited access area and defendant would be entitled to any proven severance damages.
However, an equally logical interpretation is that the word “project” is derivative of all the enumerated items, therefore meaning that the “appurtenance” is merely included as a part of the project. This interpretation seems, quite reasonable when one notes that at least two of the specified items, the service and access roads, are definitely not controlled access areas, although they may be considered part of the project. The very purpose of a service road is to allow the abutting land owners ingress and egress since they are denied free access to and from the interstate highway.
The language found in the order of expropriation is equally ambiguous.
“AND IT IS HEREBY FURTHER ORDERED that the full ownership of the tract or parcel of land described hereinafter as Parcel No. 4-5 ... is expropriated and taken for highway purposes as of the time of such deposit, according to law, for the Dutchtown-Sorrento Interstate Highway (Gonzales-Sorrento Section), and its appurtenances, on State Route La. 1-10, being State Project No. 450-11-08, Federal Aid Project No. I — 10— 4(21)180, a controlled-access facility with no right of access to, from or across said facility to or from abutting lands except at the designated points at which access is permitted upon the terms and conditions specified from time to time and upon the service, frontage or access roads .. .. ” (Emphasis added.)
Again, defendant insists this language means the appurtenances are a part of the controlled access facility. We note it is specifically stated here that there is free access to the service roads.
If we had to decide the State’s intention on the basis of the language in these writ *536 ten documents alone, we would be hard pressed to determine whether or not this piece of land is part of the controlled access facility. But fortunately we are aided by a plat attached to the petition. The petition described the property and then refers to an outline of the property as shown on an attached plat of survey, marked “exhibit P-3.” The petition states the plat is “made a part hereof.” The order of expropriation also describes the property and then refers to the plat which is “annexed to the above numbered suit.”
Under La.Code Civ.P. art. 853, “A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.” Therefore we examined the plat and concluded there is no doubt the subject tract is not a part of the controlled access property. At trial Mr. Russell was asked to point out on the plat where the control of access ended. He did so and circled the words “End C. of A.” which appear at a point about 1,428 feet away from the subject property. The defendant’s property is clearly not included within the controlled access area, therefore he is not entitled to severance damages on this basis.
We note it is well settled that when there is a discrepancy between information contained in a pleading and information contained in an attached exhibit, the exhibit will control. State v. Ward, 314 So.2d 383 (La.App. 3d Cir. 1975), writ refused 1975. Jennings v. Prejean, 216 La. 645, 44 So.2d 325 (1950). Therefore we do not hesitate to state that when the language in the petition is ambiguous, and the information provided by the attached plat is perfectly clear, the plat will control.
The trial court noted that although there had been no attempt by the State to limit defendant’s access to his remaining property, the problem might arise sometime in the future. We note simply our declaration that the remaining property is free of any access control by the State protects the landowner. One of the things demanded by defendant is severance damages based upon loss of access. When the judgment, as amended, becomes final, this matter is res judicata and can not be relitigated. La.Civ. Code art. 2286 and art. 3556(31). La.Code Civ.P. art. 927 and art. 934. If the State ever desires to limit the access to defendant’s remaining property it will have to initiate another expropriation proceeding and compensate the landowner for the right taken.
The remaining issue is whether or not the trial court abused its discretion in accepting the estimated land value provided by Mr. Williams. The evidence revealed La. 44 is the “main drag” from Gonzales to the industrial complex located on the Mississippi River. This is a growing area and one that supports many commercial enterprises. We find no error in the court’s conclusion that the best use of the land was commercial, rather than residential. Mr. Williams offered as comparables nine sales of commercial properties in the vicinity of La. 44. We note the two experts for the State did not offer any comparable sales of commercial properties, (because they stated the best use for the property was residential) therefore the trial court had only Mr. Williams’ comparables to consider. We find no manifest error in the trial court’s acceptance of Mr. Williams’ estimate in determining the value of the land taken.
For the foregoing reasons we amend the judgment of the trial court by reducing the total award from the sum of $36,736.80 to the sum of $3,277.80, the reduced amount being subject to a credit of $489.00 previously deposited into the registry of the court. The net award is to bear statutory interest from the date of the taking until paid. In all other respects the judgment of the trial court is affirmed.
Costs of this appeal are- to be paid by the plaintiff, subject to the exemptions of law.
AMENDED AND AS AMENDED, AFFIRMED.