REID, Judge.
This is an appeal from a judgment granting a divorce a vinculo matrimonii. The plaintiff, Guy LeBlanc, filed this suit against his wife, Dorothy F. LeBlanc, for an absolute divorce on the grounds of two years voluntary separation, as provided in LSA-R.S. 9:301.
Plaintiff alleges that he and his wife voluntarily separated on August 10, 1958 at which time he moved out of the marital domicile in Orleans Parish to a home in St. Tammany, where he has since resided. Pie further alleged that there had been no reconciliation.
The defendant answered, alleging that between the dates of December, 1958 and July 1960 she and her husband had met continuously and had almost daily acts of intimacy with him during this period of time. She, therefore, claimed a reconciliation which would revive the marriage.
The matter was tried on the merits and the lower court rendered judgment in favor of the plaintiff, saying that they had been separated for two years prior to the filing of the petition, that there had been no reconciliation and that the plaintiff was a resident of St. Tammany Parish.
From this judgment the defendant prosecutes this appeal.
The defendant-appellant in her behalf argues that the plaintiff-appellee was a resident of Orleans Parish and not a resident of St. Tammany Parish and that the 22nd Judicial District Court did not have jurisdiction. This is the first time that the question of jurisdiction was raised. It should have been raised by an Exception timely filed. No such Exception was filed in the lower court, but had such an Exception been filed it would have been without merit because the record preponderates in favor of plaintiff’s residence in St. Tammany Parish.
The issues in this case are entirely factual. Plaintiff testified that he had removed from the marital home in August 1958 to Salt Bayou in St. Tammany Parish. His wife remained at the former home at 4720 Pauger Street, New Orleans, Louisiana. Fie stated that he worked sometimes in New Orleans and sometimes in the country. He maintained a camp at Salt Bayou and there were living in the camp with him a Mr. Alfred Rosencranze and Mrs. Rosa C. Garden. He testified that he had not lived with his wife, or had marital relations with her, since their separation and that he had maintained his residence at Salt Bayou in St. Tammany Parish.
He was corroborated in this by Mr. Ro-sencranze and a Mr. Andre Mallho. He admitted going to the premises where his wife lived several times, mainly to see his son and grandchildren who lived in an apartment in the rear of the building.
Mr. Mallho and Mr. Rosencranze stated that they worked with Mr. LeBlanc and saw him every day. Mr. Rosencranze lived in the same house with him and stated that he would have known if they had become reconciled. Mr. Mallho stated that he had worked with Mr. LeBlanc at the Gulf Engineering Company between the *129 dates of December 1, 1958 and July 30, 1960. He further stated that he saw Mr. LeBlanc every day and that Mr. LeBlanc seldom left the job, and when he did he was not gone more than fifteen minutes, more or less. He stated that he had never seen Mr. LeBlanc absent for a long period of time and that if Mr. LeBlanc had become reconciled to his wife he would have known it.
Mrs. LeBlanc testified, together with her son Guy LeBlanc,. Jr., and-a neighbor Mrs. Blanche Toussell.
Mrs. LeBlanc testified that between December, 1958 and July, 1960 she saw her husband at her home, or her mother’s home three or four times a week between the hours of 9:00 A.M. and 4:00 P.M. and sometimes she saw him every day and sometimes twice a day. She further testified that they were intimate almost every occasion of their contact, and in fact that on the date that Mr. LeBlanc stated that he was going to get a divorce after some considerable separation, and while they were discussing this they had intimate relations.
Young Guy LeBlanc, Jr., who lives in an apartment in the rear of the premises occupied by the defendant testified that during the eighteen months in question he saw his father on three or four occasions entering upon or leaving the “premises.” He further stated that he did not know if plaintiff was visiting the defendant or his own (young LeBlanc’s) children.
The last witness, Mrs. Toussell, stated that she lives in the next house to Mrs. Le-Blanc’s mother, Mrs. Frederick, with whom Mrs. LeBlanc was living at the time. She could not say how many times she had seen Mr. LeBlanc at Mrs. Frederick’s home, but she could hear his voice, and she only remembered one time in which she had seen Mr. LeBlanc and Mrs. LeBlanc' inside of Mrs. Frederick’s home alone. Neither of the witnesses testified as to any acts of intimacy or of seeing Mr. or Mrs. LeBlanc in a situation where there could be no other conclusion but that Mr. and Mrs. LeBlanc had renewed marital relations. There is no evidence that Mr. LeBlanc had moved his clothing or personal effects back to the home, and no evidence of any intention on his part to resume living with his wife as husband and wife.
Mrs. LeBlanc testified concerning her intimacy with her husband, claiming that they took place every time he was there and that he was there three or four times a week, sometimes every day, and sometimes twice a day. Mr. LeBlanc at that time was apparently 48 years old and the father of grown children. We must view Mrs. Le-Blanc’s testimony as to its reasonableness and in the light of common sense. Mrs. LeBlanc would have the court believe that her husband had all of these relations with her at the time stated, although he was maintaining his clothing and personal effects at his home or camp in St. Tammany Parish. We do not feel that this testimony is creditable, in view of the unreasonableness of it.
The Trial Judge’s conclusion from conflicting evidence of parties to an action, as to a factual situation, should not be disturbed on appeal.
See LeGuin v. Morris, 1928, 8 La.App. 135; Bethley v. Cochran, La.App.1955, 77 So.2d 228; Laney Co., Inc. v. Airline Apartment, Inc. et al., 1953, 223 La. 1000, 67 So.2d 570; Webre v. Jones, La.App. 1 Cir., 1957, 92 So.2d 110.
After reviewing the record and the testimony we do not find any manifest error in the Judge’s ruling and therefore will affirm the judgment of the lower court.
Affirmed.