HERGET, Judge.
On December 9, 1960 Guy LeBlanc filed suit against his wife, Mrs. Dorothy F. LeBlanc, seeking a decree “a vinculo mat-rimonii” on the ground he had lived separate and apart from his wife for a period of two years. Defendant, Mrs. Dorothy F. LeBlanc, answered this suit denying the allegations of Plaintiff’s petition and specifically alleging they had lived together during the period Plaintiff alleged they were living separate and apart and they had engaged in almost daily acts of intimacy and cohabitation.
Following a trial of the issues raised, judgment was rendered by the Trial Court in favor of Plaintiff against Defendant, granting Plaintiff, Guy LeBlanc, a divorce “a vinculo matrimonii” from his wife, Mrs. Dorothy F. LeBlanc. From this judgment Mrs. LeBlanc appealed. Whereupon, this Court, on June 29, 1962, in LeBlanc v. LeBlanc, La.App., 143 So.2d 127, affirming the judgment of the Trial Court observed:
“The defendant answered, alleging that between the dates of December, 1958 and July 1960 she and her husband had met continuously and had almost daily acts of intimacy with him during this period of time. She, therefore, claimed a reconciliation which would revive the marriage.”
*839 This Court then concluded the testimony of Plaintiff in that suit, Mr. LeBlanc, and his witnesses, was credible, accepted same, but specifically rejected the testimony of Mrs. LeBlanc, the defendant, as not being credible.
On February 27, 1962 Mrs. Dorothy F. LeBlanc instituted this action against Guy LeBlanc seeking to have decreed to be a nullity the judgment granting Guy Le-Blanc a divorce from her “a vinculo matri-monii”, alleging judgment was obtained by Guy LeBlanc on his perjured testimony that he had not lived with or cohabited with her during the two years of alleged separation. From a judgment of the Trial Court rejecting her demands and dismissing her suit, Mrs. LeBlanc appealed,
It is obvious this suit seeks to obtain a rehearing of a suit wherein the judgment of the Trial Court decreeing a divorce “a vinculo matrimonii” has been affirmed and become final. The specific grounds on which Plaintiff seeks to have the judgment decreed to be a nullity were raised in the original suit and her contentions rejected. LeBlanc v. LeBlanc, supra. Thus the issues are res adjudicata.
We further observe in Plaintiff’s petition wherein she seeks a nullity of the judgment, no allegation is made she did not know at the time the evidence was taken that it was false; or, if she knew it to be false, she did not have the means or opportunity at that time of contradicting such evidence.
In Cryer v. Cryer, La.App., 70 So.2d 752, at page 754, we observed:
“From the decisions cited it is apparent that where a judgment is sought to be annulled upon the basis that the evidence upon which it was secured was perjured, and this testimony was produced by the party in whose favor the judgment was rendered, there has to be some allegation that the one seeking the annullment did not know at the time the evidence was .takem that the testimony was false, or else', that if he knew it was false, he did not-have the means at that time or the-opportunity of contradicting this evidence. The converse of this is true in that if one seeking an annullment knew at the time the evidence was taken that it was perjured, or that some deception was being made and he had at that time the opportunity of disclosing the facts or could, with reasonable diligence, have brought to the attention of the Court the deception but failed to do so, he could not at some later date claim the judgment rendered was null upon that basis.”
Accordingly, the judgment is affirmed.