361 So.2d 1344 (1978)
C. Edward KARST, Plaintiff-Appellant,
v.
Joe E. FRYAR, Defendant-Appellee.
No. 6603.
Court of Appeal of Louisiana, Third Circuit.
August 4, 1978.
Rehearing Denied September 25, 1978.
*1345 Sandoz, Sandoz & Schiff by Leslie J. Schiff, Opelousas, David A. Sheffield, Alexandria, for plaintiff-appellant.
J. Minos Simon, Lafayette, Joe J. Tritico, Lake Charles, for defendant-appellee.
Before DOMENGEAUX, GUIDRY and CUTRER, JJ.
GUIDRY, Judge.
The above numbered and entitled matter was consolidated at trial level and on appeal with the case of Fryar v. Karst et al., our Docket No. 6604, 361 So.2d 1347, in which case we this day render a separate decision.
Basically both suits concern the validity and binding effect of several documents, two acts of sale purportedly executed by Joe E. Fryar, as vendor, in favor of C. Edward Karst, as vendee, conveying to the latter an undivided one-half interest in certain immovable properties, with improvements thereon, situated in the City of Alexandria, Louisiana; a compromise agreement dated July 23, 1975, executed by both Karst and Fryar, which purports to settle all of Karst's claims against Fryar, for the sum of $600,000.00; and, a promissory note in the amount of $600,000.00 delivered by Fryar to Karst in connection with the compromise agreement.
In the suit which bears our docket number 6603 Karst sued Fryar seeking judgment recognizing that the settlement agreement of July 23, 1975 was but a partial settlement; the enforcement of such agreement; and, a money judgment in connection with the compromise agreement and additional claims arising out of certain alleged business activities involving Karst and Fryar. Fryar filed answer generally denying any indebtedness whatever to Karst and reconvened seeking a judgment declaring the documents above referred to to be null, void and of no effect for having been secured as a result of fraud, violence and threats on the part of Karst[1] and a money judgment for all sums of money received by Karst from Fryar since the year 1970.
In the suit which bears our docket number 6604 Fryar seeks essentially the same relief demanded in his reconventional demand in suit number 6603. David A. Sheffield is joined as a party defendant in the suit which bears our docket number 6604 under allegations that Sheffield, without knowledge of Karst's fraudulent schemes and extortionist conduct, represented Karst in connection with Karst's negotiation of the alleged compromise agreement. As compensation for his services Karst assigned to Sheffield a ten percent interest in the fruits of that compromise agreement, i. e., the promissory note of $600,000.00. *1346 Karst filed answer generally denying the allegations of plaintiff's petition and reconvened seeking essentially the same relief demanded in the suit filed by him against Fryar. Sheffield filed answer generally alleging that the compromise agreement and related promissory note were executed in good faith and for a valid consideration and sought judgment rejecting Fryar's demands insofar as the compromise agreement and related documents are concerned. In addition Sheffield filed exceptions of estoppel, accord and satisfaction and res judicata based upon the compromise agreement of July 23, 1975.
After a lengthy trial of some three and one-half weeks the learned trial judge concluded, for oral reasons transcribed in the record, that there existed no business association of any kind between Karst and Fryar; the purported sales, without regard to whether one was or was not a forgery, are void ab initio for, among other reasons, having been secured by fraud and being pure simulations; the compromise agreement and $600,000.00 promissory note were secured as a result of extortion and fraud and were likewise void ab initio; and, the sums of money received by Karst from Fryar since the year 1970 were secured by extortion. Accordingly, judgment was rendered as follows:
"IT IS ORDERED, ADJUDGED AND DECREED that the petition and claims of C. Edward Karst as asserted in Karst v. Fryar, bearing docket number 97,685, and Karst's reconventional demand in Fryar v. Karst, bearing docket number 97,699 of this court, be and the same hereby are dismissed with full prejudice.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of Joe E. Fryar as prayed for in his petition of Fryar v. Karst, bearing docket number 97,699, and as prayed for in his reconventional demand in Karst v. Fryar, bearing docket number 97,685, and accordingly,
(a) The promissory note executed by Joe E. Fryar in favor of E-D Oil & Refining Company in the principal amount of Six Hundred Thousand ($600,000.00) Dollars, bearing interest at the rate of 8½% per annum, together with all ancillary instruments, documents and/or purported agreements, be and the same hereby are declared null and void ab initio.
(b) The purported Act of Sale dated July 15, 1972, recorded in Book 868 at Page 344, under Registry Number 648368 of the Office of the Clerk of Court of Rapides Parish, Louisiana, whereby Joe E. Fryar purportedly sold to C. Edward Karst an undivided one-half interest in the tract of land therein described and the improvements thereon situated; and the purported Act of Sale dated July 12, 1970, and recorded in Conveyance Book 858 (sic) at Page 346, under Registry Number 648369, of the Office of the Clerk of Court of Rapides Parish, Louisiana, whereby Fryar purportedly conveyed to Karst an undivided one-half interest in the tract of land therein described and all improvements thereon situated, be and the same hereby are declared null and void ab initio, and hereby ordered cancelled and expunged from the Conveyance Records of Rapides Parish aforesaid, the Clerk of Court being hereby authorized and directed to accordingly cancel and expunge from the Conveyance Records aforesaid said instruments, and to mark said documents as void.
(c) Joe E. Fryar do recover from C. Edward Karst the sum of ONE HUDRED THIRTY NINE THOUSAND TWO HUNDRED SIX and no/100 ($139,206.00) DOLLARS, together with legal interest from date of judicial demand until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all claims of a personal nature against David Sheffield be and the same hereby are dismissed.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that C. Edward Karst pay all costs of these proceedings in both Karst v. Fryar and Fryar v. Karst"

*1347 Karst has perfected these devolutive appeals from said judgment. Sheffield also perfected a devolutive appeal and answered Karst's appeal. Fryar has neither appealed nor answered the appeal of Karst and Sheffield.
The principal issue on appeal is whether the trial judge erred in finding that Karst's demands against Fryar are baseless, without foundation, and totally without merit as a result of fraud and extortion.
Allegations of fraud present an issue of fact. Musser v. Copping, 325 So.2d 681 (La.App. 4th Cir. 1975). Fraud is never presumed and must be proven by clear and convincing proof not simply by a preponderance of the evidence. Valvoline Oil Company v. Krauss, 335 So.2d 64 (La.App. 3rd Cir. 1976); Capital Bank & Trust Company v. Core et al., 343 So.2d 284 (La.App. 1st Cir. 1977), writ refused. The trial court's finding on an issue of fact is entitled to great weight and should not be disturbed on appellate review absent manifest error. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
We have carefully reviewed the voluminous records in these cases, in light of the settled principles above set forth, and conclude that they afford clear and convincing proof supporting the judgment rendered by the trial court.
There is no merit to Mr. Sheffield's contention that the compromise agreement of July 23, 1975 has the force equal to the authority of the thing adjudged and bars any action by Fryar to rescind same. A compromise may be rescinded in cases where there exists fraud or violence and if rescinded for that cause it cannot form the basis for a plea of estoppel, res judicata or accord and satisfaction. LSA-C.C. Articles 3079 and 3081. Although the record reflects that Mr. Sheffield is totally innocent of any wrong doing, the compromise agreement and promissory note being null and void ab initio by reason of Karst's fraud and extortionist conduct, Mr. Sheffield, as assignee of Karst, has no enforceable interest therein.
For the above reasons we likewise overrule and dismiss the exception of res judicata filed in this court on behalf of C. Edward Karst.
For the reasons assigned the judgment appealed from is affirmed at the cost of appellant, C. Edward Karst.
AFFIRMED.
NOTES
[1] Fryar also attacked the validity of the sale dated July 12, 1970 as being a forgery.