430 So.2d 318 (1983)
C. Edward, KARST, Plaintiff-Appellant,
v.
Joe E. FRYAR, Defendant-Appellee.
No. 82-724.
Court of Appeal of Louisiana, Third Circuit.
April 13, 1983.
*319 C. Edward Karst, in pro. per.
William E. Skye, Alexandria, for defendant-appellee.
Before DOMENGEAUX, LABORDE and YELVERTON, JJ., Judges.
LABORDE, Judge.
The above numbered and entitled matter was consolidated at the trial level and on appeal with the case of Karst v. Fryar, 430 So.2d 321, (La.App. 3rd Cir.1983) in which case we this day render a separate decision.
In both cases, plaintiff, C. Edward Karst, appeals the ruling of the lower court ordering that a Notice of Lis Pendens be cancelled from the Mortgage Records of Rapides Parish, State of Louisiana. Defendant, Joe E. Fryar, answers Karst's appeals and requests us to award damages for frivolous appeals pursuant to our authority under LSA-C.C.P. Article 2164.
We affirm the judgments of the lower court and deny Fryar's request for damages.
The issue presented in these appeals is whether or not these particular actions to nullify judgments are "affecting the title to, or asserting a mortgage or privilege on immovable property" so as to make the Notices of Lis Pendens proper.
The present litigation is the latest in a series of protracted litigation between Karst and Fryar. In order to obtain a clearer understanding of the present situation, we must briefly digress and outline the past litigation and our decisions therein.
In 1976, Karst filed suit against Fryar and Fryar filed a separate suit against Karst with both suits involving a dispute over certain immovable property in the City of Alexandria, Louisiana. In each of these suits, Karst filed a Notice of Lis Pendens against the immovable property involved. These actions were consolidated for trial and judgments were rendered in favor of Fryar in both cases. The Notices of Lis Pendens were cancelled.
Karst perfected an appeal from these rulings to this Court. This Court, finding that the record supported the trial judges' findings, affirmed the judgments rendered below. Karst v. Fryar, 361 So.2d 1344 (La. App. 3rd Cir.1978); Fryar v. Karst, 361 So.2d 1347 (La.App. 3rd Cir.1978).
Subsequently, in 1978, Karst filed an action to annul the aforementioned judgments. His petition alleged that the original judgments had been obtained through the fraudulent and ill practices of District Judge Humphries, Fryar and Fryar's attorney, J. Minos Simon.
In connection with this suit, Karst again filed a Notice of Lis Pendens against the immovable property which was the subject of the original litigation. Fryar did not seek to have the Notice of Lis Pendens stricken from the mortgage records prior to his filing of a Motion for Summary Judgment which sought dismissal of the nullity action. Summary Judgment was rendered in favor of Fryar dismissing Karst's action. Karst appealed this adverse ruling. The judgment of the lower court was affirmed by a decision of this Court. Karst v. Fryar, 390 So.2d 238 (La.App. 3rd Cir.1980).
Within a short time after the Notice of Lis Pendens was cancelled in the nullity action, Karst filed another suit in the Ninth Judicial District Court bearing Docket No. 111,025, (Our Docket No. 82-725) seeking to annul the summary judgment rendered in the action for nullity.
*320 Two and a half months later, Karst filed a second suit in the Ninth Judicial District Court bearing Docket No. 112,250, (Our Docket No. 82-724) seeking to annul the judgments rendered in the original litigation as well as the summary judgment rendered in his first nullity action.
In both of these nullity actions, Karst filed a Notice of Lis Pendens against the immovable property which was the subject of the original litigation back in 1976.
Fryar filed a Rule to Show Cause against Karst in both of these nullity actions seeking to have the Notice of Lis Pendens in each suit cancelled. Judgment in both suits was rendered in favor of Fryar ordering the Notices of Lis Pendens cancelled. This judgment is the subject of the present appeal.
The purpose of a notice of Lis Pendens is to give effective notice to third persons of the pending of litigation affecting title to real property. LSA-C.C.P. Article 3751; Dane v. Doucet Bros. Const. Co., Inc., 396 So.2d 418 (La.App. 4th Cir.1981).
The pertinent Code of Civil Procedure Articles relating to a notice of Lis Pendens are Articles 3751-3753. These articles read as follows:

"Art. 3751. Notice to be recorded to affect third persons The pendency of an action or proceeding in any court, state or federal, in this state affecting the title to, or asserting a mortgage or privilege on, immovable property does not constitute notice to a third person not a party thereto unless a notice of the pendency of the action or proceeding is made, and filed or recorded, as required by Article 3752."
"Art. 3752. Requirements of notice; recordation The notice referred to in Article 3751 shall be in writing, signed by the plaintiff, defendant, or other party to the action or proceeding who desires to have the notice recorded, or by a counsel of record for such party, showing the name of the court in which the action or proceeding has been filed, the title, docket number, date of filing, and object thereof, and the description of the property sought to be affected thereby.
"This notice shall be recorded in the mortgage office of the parish where the property to be affected is situated, and has effect upon the time of the filing for recordation."
"Art. 3753. Cancellation of notice of pendency When judgment is rendered in the action or proceeding against the party who filed the notice of the pendency thereof, the judgment shall order the cancellation of the notice at the expense of the party who filed it, and as part of the costs of the action or proceeding."
For a notice of Lis Pendens to be proper, it is mandatory that the pending litigation affect the title to or assert a mortgage or privilege on immovable property. LSA-C.C.P. Article 3751.
It is clear that Karst is not asserting a mortgage or a privilege on the immovable property involved. Therefore, the issue before us is whether the present litigation affects the title to the immovable property against which the notices were recorded.
The object and purpose of Karst's present suits are to annul judgments previously rendered and affirmed on appeal by this Court. In no way whatsoever is the title to immovable property directly affected by the outcome of the present litigation. Even if we were to assume, which we do not, that Karst will be successful in his present litigation to annul the original judgment rendered in 1977, he would still have to prevail in his original suit to affect title to the immovable property. That litigation, i.e. the original litigations, and the present suits are separate and distinct proceedings.
We conclude that the title to immovable property is not affected by the present litigation so as to justify the recordations of the Notices of Lis Pendens. Therefore, the judgments of the lower court are affirmed.
Karst contends that LSA-C.C.P. Article 3753 requires that the notices cannot be cancelled until judgment is rendered in the pending suits. We find no merit in that contention. To allow an illegal or improper *321 notice to remain recorded until the outcome of the pending litigation would hamper or even prevent a land owner in his efforts to freely encumber or dispose of his property upon which the illegal notice is recorded.
Finally, Fryar answers these appeals and asked for damages from Karst for frivolous appeals under Article 2164 of the Louisiana Code of Civil Procedure. In Louisiana, appeals are favored and impositions of these damages will not be granted unless clearly due. Boustany v. Fluid Dynamics, Inc., 392 So.2d 750 (La.App. 3rd Cir.1980). In the cases before us, Karst's view of the law is not unreasonable. Thus, damages for frivolous appeals are denied.
For the foregoing reasons the judgment appealed from is affirmed at the cost of C. Edward Karst.
AFFIRMED.
DOMENGEAUX, J., concurs in part and dissents in part and assigns reasons.
DOMENGEAUX, Judge, concurring in part and dissenting in part.
I totally agree with the affirmation of this case. I disagree however with the portion of the opinion which denies appellee damages for frivolous appeal under La.C. C.P. Article 2164.
This litigation between the parties has been of long duration. The notice of lis pendens filed in this suit is merely more of the same type of actions on the part of appellant which have been decided adversely to the latter in previous cases between the two parties. Obviously, the notice of lis pendens in this case was not proper. I must conclude that this appeal was taken not only to prolong this protracted litigation but also to cause appellee inconvenience and expense as was the case in Moity v. Busch, 368 So.2d 1134 (La.App. 3rd Cir.1979).
I would therefore award damages for frivolous appeal to the appellee.