WILLIAMS, Judge.
In connection with an action to annul a judgment, plaintiff filed a Notice of Lis Pendens. Prior to a judgment in the action to annul, the property was sold at a Sheriff’s sale. Following the sale, the defendant in this action, the Clerk of Court for Plaquemines Parish, cancelled the Notice of Lis Pendens. There was no order re *627 quiring the cancellation. Plaintiff asks this court to determine if the Clerk of Court’s action was proper.
Strata Energy, Inc., allegedly acquired an undivided one-half interest in State Lease 10090 from Texas General Petroleum Corporation (Texas General), then assigned its interest to Natural Resource Management Corporation (NRM). While under bankruptcy reorganization, Texas General confessed judgment against 100% of the lease in favor of Transworld Drilling Company (Transworld). Strata and NRM (hereinafter collectively called Strata) intervened in the action to assert the nullity of the confessed judgment by Texas General. Strata filed a Notice of Lis Pendens as to the nullity action.
Subsequent to the filing of the Notice of Lis Pendens and pursuant to the confessed judgment, the Sheriff of Plaquemines Parish conducted a Sheriffs sale of State Lease 10090. Strata sought to enjoin the sale, but its petition for injunction was denied.
After the Sheriffs sale, the Clerk of Court inscribed the Notice of Lis Pendens “PARTIALLY CANCELLED INSOFAR AS PROPERTY described in Sheriffs Sale registered in C.O.B. 634, folio 70, is concerned. Parish of Plaquemines, 12/13/85.” The nullity action is still pending and Strata contends that this inscription was placed upon the Notice of Lis Pendens wrongfully and without the authority of the law.
Strata sought a Mandamus against the Clerk of Court to compel the Clerk to remove the inscription. The trial court denied the request. Strata appealed the denial.
Strata claims that the trial judge erred in failing to issue the Writ of Mandamus ordering that the inscription be erased. Strata claims that a Notice of Lis Pendens may not be cancelled except by court order or judgment. In support of its arguments Strata cites La.C.Civ.Pro. arts. 3863 and 3753.
Strata’s arguments are based on the assumption that La.C.Civ.Pro. art. 3753 provides the only way to cancel a Notice of Lis Pendens. We do not agree.
Louisiana Code of Civil Procedure article 3753 states:
When judgment is rendered in the action or proceeding against the party who filed the notice of the pendency thereof, the judgment shall order the cancellation of the notice at the expense of the party who filed, and as part of the costs of the action or proceeding. (Emphasis added).
The language of the article does not provide the exclusive means of cancelling a Notice of Lis Pendens but more properly refers to the allocation of the cost of cancellation when construed in a manner pursuant to normal statutory construction. The article merely directs the judge to order the party who filed the motion to pay the costs of cancellation.
Louisiana Code of Civil Procedure article 2376 states:
The sheriff shall give the purchaser a release from the mortgage, lien or privilege of the seizing creditor, and from all inferior mortgages, liens and privileges, and he shall direct the recorder of mortgages to cancel their inscriptions insofar as they affect the property sold.
Under this article, a judicial sale results in the release from and cancellation of all rights inferior to that of the seizing creditor. The Notice of Lis Pendens is a procedural device used to alert a third party of a pending proceeding which may affect title to property.
Although a Notice of Lis Pendens is not included in the article, the article means to remove such notice as inferior to the mortgage, lien, or privilege of the seizing creditor.
The merits of Strata’s nullity action have yet to be determined. The cancellation of the notice does not extinguish Strata’s right to pursue its claim to annul the judgment. Therefore, having attempted to enjoin the sale but having had the request for an injunction denied, subsequent to the sale it was not error for the Clerk to cancel the Notice of Lis Pendens.
*628 For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED