# STATE OF FLORIDA v DOMINGUEZ
## Case No. 88-44704
Eleventh Judicial Circuit, Dade County

April 19, 1989

## APPEARANCES OF COUNSEL

**Kathleen Davies,** Assistant State Attorney, for plaintiff.

**Leo Succar,** Assistant Public Defender, for defendant.

## OPINION OF THE COURT

FRED MORENO, Circuit Judge.

THIS CAUSE came before the Court on defendant's Motion to Suppress the In-Court Identification and Out-of-Court Identification by victim, Maria Gonzalez, of the defendant, George Dominguez. The Court held an Evidentiary Hearing at which time the police officer, Caragol and Detective Fuste testified along with victim Maria Gonzalez. Ms. Gonzalez was the victim of a purse snatching at a Hialeah Shopping Center by the driver of a vehicle. She identified the license

tag of the vehicle and police investigation yielded the location of the car. At the home where the car was located defendant George Dominguez and a second individual by the name of Perez were questioned. Subsequently victim Gonzalez was transported for an identification procedure.

Prior to the identification procedure the police told victim Gonzalez that the two people who were in the car, used in the purse snatching, were there at this home. She was further asked if she recognized which of the two men was the driver. At that point she identified defendant Dominguez. She did not identify the second individual as the other occupant because she had no opportunity to see the passenger of the car used in the commission of the purse snatching.

The Court finds that such confrontation procedure used by the Hialeah Police Officers requires the exclusion of the out-of-court and in-court identification by the victim because in addition, to its suggestive aspects, the in-court identification was extremely unreliable. The record is replete with the defendant's confusion and hesitancy in wishing to identify the defendant in court. In addition, she testified in cross-examination that she has memory lapses due to an accident. Considering all the circumstances, the suggestive procedure did give rise to substantial likelihood of irreparable misidentification. The witness had little opportunity, based upon the way the crime was committed, to view the driver of the car. Her prior description of the criminal was vague, although her description of the vehicle was good. The level of certainty demonstrated by the witness in court was low. *See Grant v State,* 390 So.2d 241 (Fla. 1980); *Neil v Biggers,* 409 U.S. 188 (1972).

WHEREFORE the Motion to Suppress is GRANTED and identification is excluded.[1]

DONE AND ORDERED in Open Court this 19th day of April, 1989.

---

[1] The State announced a nolle prosse of this robbery based upon the court's ruling and the defendant entered a plea to a second burglary and was sentenced to the top of the guidelines, 2½ years.