## NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 07-1544 consolidated with CA 07-1545

**OBEY FINANCIAL GROUP, INC.**

**VERSUS**

**ARCHIE BLUE, JR.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 222,994 C/W 222,995
HONORABLE JOHN C. DAVIDSON, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## JOHN D. SAUNDERS
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Michael G. Sullivan, and James T. Genovese, Judges.

**AFFIRMED.**

**Genovese, J., concurs in the result**.

**Robert G. Nida**
**Gold, Weems, Bruser, Sues & Rundell**
**P. O. Box 6118**
**Alexandria, LA 71307-6118**
**(318) 445-6471**
**Counsel for Plaintiff/Appellee:**
**Obey Financial Group, Inc.**

**Newton T. Savoie**
**Attorney at Law**
**2475 Canal St., Suite 306**
**New Orleans, LA 70119**
**(504) 822-4010**
**Counsel for Defendant/Appellant:**
**Archie Blue, Jr.**

**Marcus Anthony Allen, Sr.**
**Attorney at Law**
**840 S. Washington St.**
**Lafayette, LA 70501**
**(337) 289-1762**
**Counsel for Defendant/Appellant:**
**Archie Blue, Jr.**

**SAUNDERS, Judge.**

**FACTS AND PROCEDURAL HISTORY:**

These consolidated suits were initiated by Obey Financial Group, Inc. (hereinafter "OFG") on behalf of its owner, Mr. Willie P. Obey (hereinafter "Mr. Obey"), and against Mr. Archie Blue, Jr. (hereinafter "Mr. Blue"), individually and as usufructuary and trustee of the Mercedes Hicks Blue testamentary trust (hereinafter "the Trust"), to enforce an alleged promissory note executed by Mr. Blue. The combined suits allege that defendant, Mr. Blue, is indebted unto petitioner, OFG, under a May 10, 2005, promissory note and an April 24, 2003, promissory note which is secured by a collateral mortgage. OFG alleges that Mr. Blue failed to make payments on the April 24, 2003, note when due, which allegedly caused a default under the terms of the May 10, 2005, note.

OFG initially instituted a suit against Mr. Blue for the enforcement of the May 10, 2005, promissory note under docket number 222,995. OFG then filed a motion for summary judgment in that matter on February 14, 2006. Following oral arguments, that motion was denied, and Mr. Blue was permitted by the trial court to amend his previously-filed answer to assert fraud as an affirmative defense. In conjunction with the claim designated 222,995, OFG also filed suit for executory process against Mr. Blue under docket number 222,994, seeking enforcement of the April 24, 2003, note.

On June 15, 2006, upon a motion filed by OFG, the trial court consolidated suit number 222,995 into suit number 222,994. Thereafter, OFG again filed for summary judgment in both consolidated cases, arguing that Mr. Blue's First Amended Supplemental Answer and Reconventional Demand failed to show a specific suppression, misrepresentation, or omission as required to support an allegation of

fraud.

Due to a "flare-up" of his Crohn's Disease, Mr. Blue's counsel submitted on March 23, 2007, a Motion for Extension of Time to file Pre-Trial Memorandum in Opposition of Motion for Summary Judgment and a Motion for Continuance. Counsel for OFG objected to these motions on the basis that the required time for filing the memorandum in opposition had passed prior to opposing counsel's being placed on bed rest by his doctor. The trial court in its discretion permitted Mr. Blue's counsel to file the memorandum in opposition, but stated that counsel would not be allowed to argue orally on behalf of Mr. Blue at the hearing. Mr. Blue's counsel then prepared and submitted the memorandum in opposition, along with a Second Amended & Supplemental Answer & Reconventional Demand (hereinafter "second amended answer"). The second amended answer contained allegations particularizing Mr. Blue's claims of fraud and ill practices. However, Mr. Blue's counsel did not obtain leave of the trial court before submitting the second amended answer.

On June 18, 2007, the parties appeared in court for the hearing on the motion for summary judgment. After making the appearances for the record, counsel for Mr. Blue was not permitted to orally address the court for the remainder of the hearing. Counsel for OFG presented a brief argument.

On September 6, 2007, the trial court issued a judgment in favor of OFG. In reaching this result, the trial judge did not consider the particularized allegations of fraud contained within the second amended answer. Mr. Blue now appeals that judgment to this court, charging three assignments of error.

**ASSIGNMENTS OF ERROR:**

2

1. Did the trial court err in granting OFG's motion for summary judgment based on the failure of Mr. Blue to particularly allege fraud by showing a misrepresentation, suppression, or omission?

2. Did the trial court err in granting OFG's motion for summary judgment by concluding that no genuine issue of material fact existed in the summary judgment motion at issue here, in light of a trial court's previous ruling that a genuine issue of material fact existed on the same issues prior to the consolidation of the cases?

3. Did the trial court err in granting OFG's motion for summary judgment in light of the jurisprudential reluctance to grant summary judgment when that grant hinges upon such subjective inquiries as OFG's intent to defraud?

**ASSIGNMENT OF ERROR #1:**

In his first assignment of error, Mr. Blue argues that the trial court erred in granting OFG's motion for summary judgment based on his failure to allege fraud with the requisite degree of particularity. Specifically, Mr. Blue contends that the filing of his second amended answer with the court should be sufficient to satisfy the pleading requirement. We disagree.

Louisiana Code of Civil Procedure Article 1151 governs the amendment of answers. In pertinent part, that article declares: "A defendant may amend his answer once without leave of court at any time within ten days after it has been served. Otherwise, the petition and answer may be amended *only by leave of court or by written consent of the adverse party*." La.Code Civ.P. art. 1151 (emphasis added). Thus, in order for a second amended answer to square with La.Code Civ.P. art. 1151, the amending party must first obtain leave of court or written consent of the adverse

3

party.

OFG argues that Mr. Blue did not comply with La.Code Civ.P. art. 1151 in submitting his second amended answer. We agree. Here, the record indicates that Mr. Blue neither requested leave of the trial court nor obtained written consent of the opposing party before filing his second amended answer. Instead, Mr. Blue chose simply to file that document into the record as if it was his right to do so under the law. It was not, and thus the trial court did not err by refusing to consider the second amended answer when ruling on the motion for summary judgment then before it.

Having ruled that Mr. Blue's second amended answer is not validly part of the record, we must now evaluate whether the allegations contained outside the second amended answer are sufficient to meet the particularity requirements for pleading fraud. "In pleading fraud or mistake, the circumstances constituting fraud or mistake shall be alleged with particularity." La.Code Civ.P. art. 856; *see also Karst v. Fryar*, 390 So.2d 238, 242 (La.App. 3 Cir. 1980), *writ not considered*, 396 So.2d 1350 (La.1981) ("[B]aseless, conclusory assertions . . . do not suffice to create a genuine issue of fact."). Here, although Mr. Blue's first amended answer alleges fraud on the part of OFG, such allegations appear in the broadest possible language: "[T]he contract was executed under the commission of fraud and duress by Petitioner." At no other point in Mr. Blue's pleadings do these allegations even begin to rise to the level of specificity required by La.Code Civ.P. art. 856. Thus, as we do not find the trial court erred in holding that Mr. Blue failed to allege fraud with the requisite degree of particularity, we find this assignment of error to be devoid of merit.

**ASSIGNMENT OF ERROR #2:**

In his second assignment of error, Mr. Blue argues that the trial court erred in

4

concluding that no genuine issue of material fact existed in the summary judgment motion at issue here in light of the fact that the trial court found that a genuine issue of material fact did exist in a prior summary judgment motion, which was made prior to the consolidation of the cases. We disagree.

This court previously discussed at length the responsibilities incumbent upon a reviewing court in summary judgment cases in *Kumpe v. State*, 97-386, pp. 3-4 (La.App. 3 Cir. 10/8/97), 701 So.2d 498, 499-500, *writ denied*, 98-50 (La. 3/13/98), 712 So.2d 882:

> Appellate courts review summary judgments *de novo* under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. *Potter v. First Federal S & L*, 615 So.2d 318 (La.1993). A motion for summary judgment should be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there exists no genuine issue as to any material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966; *Haywood v. Louisiana Sugar Cane Products*, 96-1151 (La.App. 3 Cir. 3/5/97); 692 So.2d 524.
>
> The first issue that must be addressed in reviewing a trial court's grant of summary judgment is whether any genuine issues of material fact exist. *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La.7/5/94); 639 So.2d 730, *appeal after remand*, 96-1837 (La.9/27/96); 680 So.2d 1163. The reviewing court must next address whether reasonable minds could conclude, based on the facts presented, the mover is entitled to judgment. *Id.* In other words, summary judgment is appropriate when all relevant facts are brought before the court, the relevant facts are undisputed, and the sole issue remaining is the conclusion to be drawn from the relevant facts. *Id.* If the mover's supporting documentation is sufficient to establish that no genuine issue of material fact exists, the burden of proving the existence of a genuine issue of material fact shifts to the nonmoving party. *McCoy v. State Farm Mut. Auto Ins. Co.*, 95-689 (La.App. 3 Cir. 11/2/95); 664 So.2d 572. To satisfy his burden of proof the nonmoving party must not rely on the mere allegations or denials of his pleadings, but his response must set forth facts showing that there is a genuine issue for trial. La.Code Civ.P. art. 967. Moreover, as we noted in *Haywood*, the legislature's recent amendment to La.Code Civ.P. art. 966 increases this burden by favoring summary judgment and by requiring that the nonmover establish the existence of proof of an essential element of his claim for which he will bear the burden of proving at trial. *Haywood*,

692 So.2d 524.

Moreover, the supreme court previously dealt with a matter similar to that found here in *American Bank v. Saxena*, 553 So.2d 836 (La.1989). There, in analyzing a motion for summary judgment regarding the payment of promissory notes, the court proclaimed:

> Under the Uniform Commercial Code, a "holder" is a person who is in possession of an instrument drawn or issued to him or his order. R.S. 10:1–201. A negotiable instrument must (a) be signed by the maker or drawer; and (b) contain an unconditional promise to pay a sum certain in money; and (c) be payable on demand or at a definite time; and (d) be payable to order or to bearer. R.S. 10:3–104. . . .
>
> Unless specifically denied in the pleadings each signature on an instrument is admitted. R.S. 10:3–307(1). When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense. R.S. 10:3–307(2).
>
> "... ***Once signatures are proved or admitted, a holder makes out his case by mere production of the instrument, and is entitled to recover in the absence of any further evidence***. *The defendant has the burden of establishing any and all defenses, not only in the first instance but by a preponderance of the total evidence. . . .*" R.S. 10:3–307, comment 2. (Emphasis added)

*Id.* at 842 (first emphasis added). Thus, according to *Saxena*, if the promissory notes qualify as "negotiable instruments," then absent Mr. Blue's establishment of a defense to their payment, there is no genuine issue of material fact regarding OFG's right to recover the amounts represented thereby.

Here, the promissory note dated May 10, 2005, is signed by Mr. Blue, contains an unconditional promise to pay $275,000.00 plus 17.50% interest from date of demand until paid, became payable in May 2006, and is made payable on its face to the order of OFG. Thus, the promissory note qualifies as a "negotiable instrument."

In addition, the May 10, 2005, note contains language allowing OFG to declare that note due and payable in the event that Mr. Blue defaults under any other

6

extension of credit with OFG—including the April 24, 2003, promissory note at issue here. The record indicates that Mr. Blue's failure to make two consecutive payments on the April 24, 2003, note caused OFG to exercise on December 23, 2005, its right to demand payment on the May 10, 2005, note. As such, unless Mr. Blue established at the trial level a defense to payment of that note, OFG's mere production of the negotiable instrument was sufficient to justify the trial court's granting of summary judgment in favor of OFG.

Mr. Blue attempts to mount such a defense in the case at bar by alleging fraud, yet as previously discussed, his failure to allege that affirmative defense with the required degree of particularity precludes that claim from being properly at issue here. Because absent such a defense reasonable minds could not conclude that OFG was not entitled to summary judgment, we must hold that the trial court did not err in granting OFG's motion for summary judgment. Thus, we find this assignment of error to be without merit.

**ASSIGNMENT OF ERROR #3:**

In his last assignment of error, Mr. Blue argues that the trial court committed error in granting OFG's motion for summary judgment in light of our courts' jurisprudential reluctance to grant summary judgment when that grant hinges upon such subjective inquiries as OFG's intent to defraud. Because we have already held that Mr. Blue's failure to plead fraud with the requisite degree of particularity precludes his fraud claim from being considered by this court, OFG's alleged subjective intent to defraud Mr. Blue is not at issue in the case at bar. Thus, this assignment of error is moot.

7

**CONCLUSION:**

For the above stated reasons, we affirm the decision of the trial court. Costs are to be taxed in full to plaintiff, Mr. Blue.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.