# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-758


**DIONE W. DAVID**

**VERSUS**

**RICHARD G. DAVID**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 113919
HONORABLE CHARLES LEE PORTER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and J. David Painter, Judges.


**AFFIRMED.**

**Ed W. Bankston**
**P. O. Box 53485**
**Lafayette, LA 70505**
**Telephone:  (337) 237-4223**
**COUNSEL FOR:**
    **Defendant/Appellant - Richard G. David**


**L. E. "Tony" Morrow, Jr.**
**Law Offices of Tony Morrow**
**323 East University Avenue**
**Lafayette, LA 70503**
**Telephone:  (337) 233-9515**
**COUNSEL FOR:**
    **Plaintiff/Appellee - Dione W. David**

**THIBODEAUX, Chief Judge.**

Richard G. David appeals the trial court's judgment cancelling notices of lis pendens against several properties awarded his former spouse, Dione W. David, in the judgment partitioning their community property. He contends ongoing litigation between the parties renders cancellation of the notices premature. Because the ongoing litigation does not affect title of the properties so as to justify recordation of lis pendens notices, we affirm. We do not consider Mrs. David's request for sanctions and incidental relief based on her assertion of a frivolous appeal as her Answer to Mr. David's appeal was untimely.

I.

**ISSUE**

We shall consider whether the trial court erred in cancelling notices of lis pendens in the face of ongoing litigation between the parties.

II.

**FACTS AND PROCEDURAL HISTORY**

During their thirty-six years of marriage, Richard and Dione David acquired several businesses and pieces of real estate. Following their divorce, the Davids litigated the partitioning of their community property. The resulting judgment awarded Mrs. David several pieces of real estate. Among them were properties located on Cove Row, Prioux Street, Dahlia Street, and Wayne Street. Mr. David appealed the judgment on partition of community property and filed notices of lis pendens on the above named properties. This court amended and affirmed the judgment partitioning community property. Mr. David then sought a

rehearing, which was denied. Mr. David then filed an application for certiorari review of the judgment with the Louisiana Supreme Court, which was denied.

Mrs. David then filed a motion to cancel the notices of lis pendens attached to the named properties which were awarded to her. At the time of the hearing of her motion, several pieces of litigation were pending: (1) Mr. David's appeal from a trial court judgment rendered against him for contempt and money damages; (2) Mr. David's appeal from a trial court judgment dismissing his derivative action against the flower company awarded Mrs. David after the divorce; and (3) Mr. David's petition to nullify the judgment partitioning the parties' community property. Additionally, after the hearing on Mrs. David's motion to cancel the notices of lis pendens, Mr. David filed a motion for a judgment in satisfaction of the equalization amount determined by this court in an earlier appeal. Subsequently, the trial court rendered judgment granting Mrs. David's motion to cancel the notices of lis pendens. Unsurprisingly, Mr. David appealed.

III.

**STANDARD OF REVIEW**

This case poses a question of law; accordingly, the appropriate standard of review is de novo. A de novo review simply asks whether the trial court was legally correct or legally incorrect. *Domingue v. Bodin*, 08-62 (La.App. 3 Cir. 11/5/08), 996 So.2d 654. "[T]he appellate court assigns no special weight to the trial court." *Id*. at 657. Instead, the appellate court reviews the record in its entirety and determines "whether the trial court's decision was legally correct in light of the evidence." *Id.*

IV.

## LAW AND DISCUSSION

Mr. David contends the trial court erred in cancelling notices of lis pendens before litigation between him and his former spouse had concluded. We disagree. While some litigation between the parties is ongoing, litigation affecting ownership of the four properties in question has concluded. As such, cancellation of the notices was proper.

The purpose of a notice of lis pendens is to give effective notice of pending litigation affecting title to real property to third persons. *Karst v. Fryar*, 430 So.2d 318 (La.App. 3 Cir. 1983). As such, notice of lis pendens is improper when litigation affecting title to real property is no longer pending. *Id.* Louisiana Code of Civil Procedure Article 3753 provides two instances for the cancellation of a notice of lis pendens. First, cancellation of notice of lis pendens shall be ordered in a judgment rendered against the party who filed the notice at that party's expense. *Id.* Second, notice of lis pendens filed in connection with a proceeding which yielded a judgment shall be cancelled at the request of any interested party if the judgment has been cancelled or the proceeding has been dismissed. *Id.* This article, however, does not provide the exclusive means of cancelling a notice of lis pendens. *Strata Energy Inc. v. Lobrano*, 514 So.2d 626 (La.App. 4 Cir. 1987).

Mr. David cites four pieces of litigation pending at the time the notices of lis pendens were cancelled which render the cancellation premature. The first is an appeal filed by Mr. David of a trial court judgment finding him in contempt and ordering him to pay damages. This litigation does not affect title on the four properties in question, and as such, provides no basis for a notice of lis pendens. The second is an appeal in a derivative suit filed by Mr. David against

the flower company awarded Mrs. David in the community property partition judgment. This litigation does not affect title on the four properties in question, and as such, provides no basis for a notice of lis pendens. The third piece of litigation centers around a motion filed by Mr. David for satisfaction of an equalization amount determined by this court in an earlier appeal for amounts paid in excess by Mr. David. This piece of litigation does not affect title on the four properties in question, and as such, provides no basis for notice of lis pendens.

The fourth centers around a petition filed by Mr. David to nullify the judgment partitioning the Davids' community property. This piece of litigation does not affect title on the four properties in question. The supreme court's denial of Mr. David's request for review of the judgment partitioning the community property cemented the judgment's finality and the finality of its award of complete ownership to Mrs. David of the four properties in question. Unlike the mythical phoenix, Mr. David's attempt to revive the settled matter of his and Mrs. David's respective ownership of their community property is an exercise in legal futility. Thus, there was no litigation affecting title at the time the notices of lis pendens were cancelled, and there is no further litigation affecting title of the four properties awarded Mrs. David. Mr. David's disagreements with his former wife appear to be fueled by animosity masquerading as legitimate litigation. This litigation's apparent perpetual nature, however, does not talismanically transform finality into something transitory. Final is final. As such, the trial court's cancellation of the notices of lis pendens was proper and remains so.

V.

## **CONCLUSION**

Based upon the foregoing reasons, we affirm the judgment of the trial court cancelling notices of lis pendens on the Cove Row, Prioux Street, Dahlia Street, and Wayne Street properties awarded Mrs. David. Costs of this appeal are assessed against Mr. David.

**AFFIRMED**.